## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

STEVEN BRYAN,                              )
                                          )
                Plaintiff,                 )
                                          )
v.                                        )
                                          )
EQUIFAX INFORMATION SERVICES,              )    Case No.: 2:06-CV-00166-SRW
LLC, TRANS UNION, LLC. and PEOPLES         )
SOUTH BANK f/k/a PEOPLES                   )
COMMUNITY BANK,                            )
                                          )
                Defendants.                )

---

## DEFENDANT PEOPLESSOUTH BANK'S MOTION TO DISMISS AND
## INCORPORATED MEMORANDUM IN SUPPORT

---

s/ Gary L. Howard
Gary L. Howard (HOW044)
Ricky J. McKinney (MCK030)
Christian W. Hancock (WAT070)
Jason A. Walters (WAL175)

BURR & FORMAN LLP
3100 Wachovia Tower
420 North Twentieth Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorneys for Defendant PeoplesSouth Bank

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

MOTION TO DISMISS.............................................................................................1

MEMORANDUM IN SUPPORT .............................................................................3

I. INTRODUCTION ................................................................................................3

II. STATEMENT OF THE LAW ...........................................................................4

III. ARGUMENT ....................................................................................................4

    A.    Plaintiff Fails To Establish That PeoplesSouth's Duties Under 15 U.S.C. § 1681s-2(b) Were Triggered.............................................................4

    B.    Plaintiff's Defamation Claim Against PeoplesSouth Is Due To Be Dismissed Under Rule 12(b)(6). ..................................................................7

        1.    Plaintiff's defamation claim is preempted by the FCRA. ..................7

        2.    Plaintiff fails to state a claim for defamation under Alabama law...11

            a.    Plaintiff's defamation claim is time-barred............................11

            b.    Plaintiff fails to state a claim for defamation per se. ............13

                i.    The complaint does not allege that Bryan is a merchant or tradesman or otherwise engaged in an occupation where credit is essential....................13

                ii.    The alleged defamatory statement does not concern an indictable offense of infamy or moral turpitude. .................................................................14

            c.    Plaintiff fails to state a claim for defamation per quod.........15

                i.    Plaintiff has failed to sufficiently allege special damages. .................................................................15

                ii.    Plaintiff has not alleged that he was subjected to disgrace, ridicule, odium, or contempt......................17

    C.    Plaintiff's claim for punitive damages under the defamation claim are due to be dismissed. ................................................................................18

IV. CONCLUSION ...............................................................................................19

## MOTION TO DISMISS

**COMES NOW** defendant, PeoplesSouth Bank ("PeoplesSouth"), by and through its undersigned counsel, and hereby submits its Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and incorporated Memorandum in Support. As grounds therefor, PeoplesSouth states the following:

1.    Plaintiff Steven Bryan ("Bryan") asserts only two claims against PeoplesSouth: Count One for violations of 15 U.S.C. § 1681s-2(b) and Count Four for common law defamation. Both of these claims are due to be dismissed.

2.    Bryan's claim against PeoplesSouth under § 1681s-2(b) of the FCRA is due to be dismissed because the Complaint fails to state that PeoplesSouth's duties under that section were triggered by notice from either Equifax or Trans Union of Bryan's complaints to those CRAs. See 15 U.S.C.A. § 1681i(a)(2); Abbett v. Bank of America, 2006 WL 581193, *3 (M.D. Ala. Mar. 8, 2006) ("[t]o prevail on a § 1681s-2(b) claim, [a plaintiff] must show that a CRA notified the furnisher of information about the consumer's dispute pursuant to § 1681i(a)(2). This notice triggers the furnisher's duties under § 1681s-2(b)").

3.    Plaintiff's defamation claim is due to be dismissed for several reasons. First, it is preempted by 15 U.S.C. § 1681h(e) of the FCRA, which provides that any action or proceeding "in the nature of defamation, invasion of privacy, or negligence" is preempted, unless the "false information [was] furnished with malice or willful intent to injure [the] consumer." Plaintiff's Complaint fails to allege that PeoplesSouth defamed him with malice.

4.    Second, Plaintiff's defamation claim is barred by Alabama's two year statute of limitations. ALA. CODE § 6-2-38(k) (1975). Alabama follows the "single

publication rule," and Plaintiff admits that the allegedly defamatory statement was first made in 2003.  Patterson v. United Companies Lending Corp., 4 F. Supp. 2d 1349, 1356 (M.D. Ala. 1998), aff'd, 178 F.3d 1303 (11th Cir. 1999); (Complaint, ¶ 14).

5.    Third, Bryan failed to plead the necessary elements of defamation per se or per quod.  Bryan fails to state a claim for libel per se because the complaint does not allege that he is a merchant or tradesman or otherwise engaged in an occupation where credit is essential.  Harrison v. Burger, 103 So. 842, 842 (Ala. 1925).  Furthermore, Plaintiff fails to state a claim for libel per se because the alleged defamatory statement does not concern an indictable offense of infamy or moral turpitude.  Anderton v. Gentry, 577 So. 2d 1261 (Ala. 1991).

6.    Plaintiff also fails to state a claim for libel per quod or slander per quod because Plaintiff has failed to sufficiently allege special damages.  Butler v. Town of Argo, 871 So. 2d 1, *18 (Ala. 2003).  Furthermore, Bryan fails to state a claim for slander per quod because he has not alleged that he was subjected to disgrace, ridicule, odium, or contempt.  Anderton, 557 So. 2d at 1263.

7.    Even if Plaintiff's has managed to state a claim for defamation, which he has not, he is not entitled to recover punitive damages for said claim under Alabama law.  Plaintiff's claim for punitive damages must be dismissed because Bryan did not comply with Alabama Code § 6-5-186 and because he has not sufficiently pled that PeoplesSouth made a defamatory statement with malice.  Nelson v. Lapeyrouse Grain Corp., 534 So. 2d 1085, 1095 (Ala. 1988); see also ALA. CODE § 6-5-186 (1975).

8.    PeoplesSouth also relies upon its Memorandum in Support of its Motion to Dismiss, which is incorporated herein.

## MEMORANDUM IN SUPPORT

## I. INTRODUCTION

Plaintiff Bryan is or was a customer of PeoplesSouth.  Plaintiff's accounts with PeoplesSouth allegedly included accounts numbered 2015484637270*, 2015484637270*, and 25015484372701177.  (Complaint, ¶ 17).[1]  Plaintiff's Complaint refers to Plaintiff's bankruptcy and to the discharge of that bankruptcy.  (Id. ¶ 18).[2] According to Plaintiff's Complaint, "adverse information contained in the plaintiff's consumer credit report by Equifax stated and implied that plaintiff's Peoples accounts were past due and in collections" in 2003.  (Id. ¶ 13).  Bryan allegedly informed Equifax of the "inaccurate reporting" of the accounts in November 2003 and he received the reinvestigation results on December 11, 2003 showing that the PeoplesSouth accounts "were updated by Equifax to show their status as included in bankruptcy."  (Id. ¶ 14-15).

In April 2005, Bryan alleges that he learned that adverse information contained in the consumer credit reports from defendants Equifax and Trans Union stated that his PeoplesSouth accounts "were reporting past due and in collections and not included in bankruptcy."  (Complaint, ¶ 17).  Plaintiff's states that he sent complaint letters to defendants Equifax and Trans Union disputing the allegedly inaccurate account information and that, although reinvestigations were conducted, the accounts were still being reported as past due and in collections in June 2005.  (Id. ¶ 18-24).  Plaintiff filed the present suit against Equifax, Trans Union, and PeoplesSouth on or about February

---

[1] PeoplesSouth's records do not reflect the account numbers listed in the Complaint.  However, for the purposes of this Motion to Dismiss, the allegations in the Complaint are accepted as true.

[2] Court records indicate that Bryan entered into Chapter 7 bankruptcy on or about February 26, 2002 and his PeoplesSouth accounts were discharged as part of that bankruptcy on or about June 13, 2002.

23, 2006. Defendant PeoplesSouth now brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. <u>STATEMENT OF THE LAW</u>

A Rule 12(b)(6) motion questions the legal sufficiency of a complaint. In assessing the merits of Rule 12(b)(6) motion, the Court must assume that all the factual allegations set forth in the complaint are true. <u>See</u>, <u>e.g.</u> <u>United States v. Gaubert</u>, 499 U.S. 315, 327, 111 S. Ct. 1267 (1991). Dismissal should be granted pursuant to Rule 12(b)(6) if a complaint lacks an allegation regarding an element necessary to obtain relief. <u>See</u> <u>Pyles v. United Air Lines, Inc.</u>, 79 F.3d 1046, 1049 (11th Cir. 1996); <u>Riley v. General Motors Acceptance Corp.</u>, 226 F. Supp. 2d 1316, 1318 (S.D. Ala. 2002).

## III. <u>ARGUMENT</u>

Plaintiff asserts only two claims against PeoplesSouth: Count One for violations of 15 U.S.C. § 1681s-2(b) and Count Four for common law defamation. As shown herein, each claim is due to be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A.    <u>Plaintiff Fails To Establish That PeoplesSouth's Duties Under 15 U.S.C. § 1681s-2(b) Were Triggered.</u>

Plaintiff's Complaint sets forth claims against all defendants under the Fair Credit Reporting Act ("FCRA"), which regulates the conduct of both credit reporting agencies ("CRAs"), such as Equifax and Trans Union, and those entities that furnish credit information to the CRAs, such as PeoplesSouth. <u>See</u> <u>generally</u> 15 U.S.C. §§ 1681-1681v. Specifically, Bryan asserts a claim against PeoplesSouth pursuant to 15 U.S.C. § 1681s-2(b) of the FCRA. (Complaint, ¶¶ 57-70). That statute provides, in pertinent part, as follows:

4

(1) In general

**After receiving notice pursuant to section 1681i(a)(2)** of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall-

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

\* \* \*

15 U.S.C. § 1681s-2(b)(emphasis added).

Section 1681s-2(b) specifically references "notice pursuant to section 1681i(a)(2)" as the catalyst for action by an furnisher of information. In turn, section 1681i(a)(2) is titled "Prompt notice of dispute to furnisher of information" and specifies that when a CRA receives notice of a dispute from a consumer such as Bryan, that prompt notice must then be given by the CRA to the provider of information. 15 U.S.C.A. § 1681i(a)(2)[3]; see also Robinson v. Equifax Info. Services, LLC, 2005 WL

---

[3] 15 U.S.C.A. § 1681i(a)(2) states as follows:

(2) Prompt notice of dispute to furnisher of information.--

(A) In general.--Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item

of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

1712479, *5 n.14 (S.D. Ala. July 22, 2005) ("'Section 1681s-2(b) triggers a furnisher's duty to investigate allegedly erroneous information when that furnisher has received notice from a consumer reporting agency that the credit information is disputed.'").[4]

Plaintiff fails to allege in his Complaint that either of the CRAs involved in this case, Equifax or Trans Union, provided notice of Bryan's dispute to PeoplesSouth pursuant to 1681i(a)(2).   As this Court stated in a recent case **"[t]o prevail on a § 1681s-2(b) claim, [a plaintiff] must show that a CRA notified the furnisher of information about the consumer's dispute pursuant to § 1681i(a)(2).** This notice triggers the furnisher's duties under § 1681s-2(b)." Abbett v. Bank of America, 2006 WL 581193, *3 (M.D. Ala. Mar. 8, 2006) (emphasis added).  Here, Bryan fails to state claim against PeoplesSouth for violations of section 1681s-2(b) because he fails to assert that PeoplesSouth received the required notice under 1681i(a)(2) from a CRA to "trigger" its duties under the statute.

The court in Dornhecker v. Ameritech Corporation, addressed this exact issue and found that, because plaintiff failed to make such an allegation, plaintiff's FCRA claim was due to be dismissed along with his pendent state law claims.  99 F. Supp. 2d 918, 928-29 (N.D. Ill. 2000) (holding recognized by Robinson, 2005 WL 1712479 at *5 n.14).   As in Dornhecker, plaintiff's FCRA claim against PeoplesSouth lacks an allegation regarding an element necessary to obtain relief.  Therefore, Count One of

---

(B) Provision of other information.--The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

[4] Quoting Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 928-29 (N.D. Ill. 2000).

Plaintiff's Complaint against PeoplesSouth is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**B.**   **Plaintiff's Defamation Claim Against PeoplesSouth Is Due To Be Dismissed Under Rule 12(b)(6).**

Count Four of the Complaint vaguely pleads a claim for defamation against all defendants.   (Complaint, ¶¶ 94-102).   For the reasons shown more fully herein, Plaintiff's defamation claim is due to be dismissed against PeoplesSouth for two separate and independent reasons: (1) it is preempted by § 1681h(e) of the FCRA and (2) it does not state a claim for defamation under Alabama common law.

**1.**   **Plaintiff's defamation claim is preempted by the FCRA.**

The FCRA provides PeoplesSouth with immunity from Bryan's state law claim for defamation because that claim directly relates to PeoplesSouth's responsibilities as a furnisher of information to consumer CRAs.   The FCRA actually has two relevant immunity sections.   First, the older subsection, 15 U.S.C. § 1681h(e), provides furnishers of credit information with qualified immunity from tort claims such as defamation, invasion of privacy, or negligence:

> (e) Limitation of liability
>
> Except as provided in sections 1681n and 1681o, **no consumer may bring any action or proceeding in the nature of defamation,** invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, **or any person who furnishes information to a consumer reporting agency,** based on information disclosed pursuant to section 1681g, 1681h, or 1681m, or based on information disclosed by a user of a consumer report to or for a consumer against who the user has taken adverse action, based in whole or in part on the report **except as to false information furnished with malice or willful intent to injure such consumer.**

15 U.S.C. § 1681h(e) (emphasis added).

Second, the newer subsection 15 U.S.C. § 1681t(b)(1)(F), provides furnishers of credit with absolute immunity from state law claims when fulfilling their reporting obligations under § 1681s-2:

> (b) General Exceptions
>
> No requirement or prohibition may be imposed **under the law of any State-**
>
> (1) with respect to any subject matter regulated here under
>
> * * *
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--
>
> (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
>
> (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996).

15 U.S.C. § 1681t (emphasis added).[5]

The Eleventh Circuit has yet to issue an opinion addressing the issue of how best to harmonize the two sections. In a well-reasoned opinion, McCloud v. Homeside Lending, the District Court for the Northern District of Alabama found that the district courts who have "addressed the issue of preemption of state-law tort claims accompanying a claim under the FCRA...have taken three, distinctly different, paths." 309 F. Supp. 2d 1335, 1340 (N.D. Ala. 2004). "Some courts regard § 1681t(b)(1)(F)-which was added to the FCRA after § 1681h--as completely subsuming § 1681h(e)." Id.

---

[5] Section 1681t(b)(1)(F) was added to the FCRA by Congress in a 1996 amendment. That amendment made no mention whatsoever of the earlier § 1681h(e) language.

(rejecting this approach as "untenable...as it renders § 1681h(e) superfluous"). "Other courts have attempted to harmonize the preemption provisions by applying a temporal formula." Id. (citing Riley v. General Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1324 (S.D. Ala. 2002), among others).[6] The McCloud court found that "[n]either logic nor statutory language support the temporal approach.... See Gordon v. Greenpoint Credit, [266 F. Supp. 2d 1007, 1013 (S.D. Iowa 2003)] (finding the time period analysis 'strained at best')." McCloud, 309 F. Supp. 2d at 1342.

"A third group of district-court decisions are based upon construction of the subject statutory provisions." Id. at 1341.[7] The court in McCloud noted that:

> § 1681h(e) is deemed...as applying to any state-law causes of action that may be classified as 'torts'. Contrastingly, § 1681t(b)(1)(F) appears to deal only with state statutory regulation of credit reporting...[as] evidenced by the fact that the two state statutory schemes specifically excluded from the ambit of § 1681t(b)(1)(F)...address inaccurate or incomplete information in a credit report. Thus, under the third approach, **§ 1681h(e) applies only to torts, while § 1681t(b)(1)(F) applies only to state statutory regulation of credit reporting practices and procedures.**

Id. (emphasis added).

In McCloud, the Northern District of Alabama, chose to adopt the third approach, finding that "the most recent cases appear to indicate that [this approach] is on the

---

[6] The court explain in McCloud that,

Under this approach, the first time period ends once the furnisher of information receives notice of the dispute. Preemption of claims during this first time period is governed by § 1681h(e) because, as the rationale goes, § 1681s-2 does not apply to the time period before the furnisher of information receives notice of the dispute. The second time period begins once the furnisher of information receives notice of the dispute, triggering the duty to investigate, which is required by § 1681s-2(b). Thus, the state law claims that arise during the second time period are preempted by § 1681t(b)(1)(F).

309 F. Supp. 2d at 1340-41.

[7] Citing Jeffery v. Trans Union, LLC, 273 F. Supp. 2d 725 (E.D. Va. 2003); Carlson v. Trans Union, LLC, 259 F. Supp. 2d 517 (N.D. Tex. 2003).

verge of gaining majority status." Id. at 1342.[8] Following the January 2004 McCloud decision, the following district courts also held that state statutory claims are preempted by 15 U.S.C.A. § 1681t(b)(1)(F), but common-law claims are covered by 15 U.S.C. § 1681h(e): Johnson v. CitiMortgage, Inc., 351 F. Supp. 2d 1368 (N.D. Ga. 2004); DiPrinzio v. MBNA America Bank, N.A., 2005 WL 2039175 (E.D. Pa. 2005); Jordan v. Trans Union LLC, 377 F. Supp. 2d 1307 (N.D. Ga. 2005); Gorman v. Wolpoff & Abramson, LLP, 370 F. Supp. 2d 1005 (N.D. Cal. 2005); Barnhill v. Bank of America, N.A., 378 F. Supp. 2d 696 (D. S.C. 2005); DiPrinzio v. MBNA America Bank, N.A., 2005 WL 2039175 (E.D. Pa. 2005); Watson v. Trans Union Credit Bureau, 2005 WL 995687 (D. Me. 2005). Because the Eleventh Circuit has not yet made a decision on the application of § 1681t(b)(1)(F) and § 1681h(e), PeoplesSouth respectfully asks the Court to apply the Northern District of Alabama's logic in McCloud and find that § 1681h(e) controls in this situations because Plaintiff has asserted a tort claim for defamation against PeoplesSouth.

Under § 1681h(e), any action or proceeding "in the nature of **defamation**, invasion of privacy, or negligence" is preempted, unless the "**false information [was] furnished with malice or willful intent to injure [the] consumer**." 15 U.S.C. § 1681h(e) (emphasis supplied). Plaintiff asserts a state law claim for defamation in Count Four of his Complaint. Although Bryan's claim for defamation does contain statements regarding PeoplesSouth's alleged "malice", the allegedly malicious acts described are not in the nature of defamation. The allegations that "Defendants acted

---

[8] Citing Cisneros v. Trans Union, LLC, 293 F. Supp. 2d 1167 (D. Haw. 2003); Jeffery v. Trans Union, LLC, 273 F. Supp. 2d 725 (E.D. Va. 2003); Gordon v. Greenpoint Credit, 266 F. Supp. 2d 1007 (S.D. Iowa 2003); Yutesler v. Sears Roebuck and Co., 263 F. Supp. 2d 1209 (D. Minn. 2003); Carlson v. Trans Union, LLC, 259 F. Supp. 2d 517 (N.D. Tex. 2003).

with malice by attempting to coerce Plaintiff into paying for charges that were not his" and "Defendant Peoples acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes" do not relate to defamation in any way.  (Complaint, ¶ 100).  Although Plaintiff loosely uses the term "malice", Bryan does not state that PeoplesSouth knowingly furnished false information with malice or willful intent to injure him, which is the essence of the claim for defamation.  See id. ¶ 101 (Complaint only states that "Defendants have defamed the Plaintiff by publishing misleading and/or inaccurate information to third parties regarding his creditworthiness.").

Because Bryan's claim for defamation fails to assert that PeoplesSouth defamed him with malice or willful intent to injure, that claim is preempted by § 1681h(e) of the FCRA.  Therefore, Count Four of Plaintiff's Complaint for defamation fails to state claim upon which relief can be granted and is due to be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for this separate and independent reason.

### 2.  Plaintiff fails to state a claim for defamation under Alabama law.

Plaintiff's defamation claim should also be dismissed because (1) the defamation claim is barred by Alabama's two year statute of limitations and (2) Bryan failed to plead the necessary elements of defamation.

### a.  Plaintiff's defamation claim is time-barred.

Plaintiff's defamation claim is also due to be dismissed because it is barred by Alabama's statute of limitations.  The limitations period for defamation claims is two years and begins to run "'when the allegedly defamatory matter is 'published.'"  ALA. CODE § 6-2-38(k) (1975); Akin v. Time, Inc., 250 F. Supp. 306, 307 (N.D. Ala. 1966). Furthermore, Alabama follows the "single publication rule," which "maintains that any

single, integrated publication, such as one edition of a newspaper, book, or magazine, is treated as a single unit, giving rise to only one cause of action for libel or slander." Patterson v. United Companies Lending Corp., 4 F. Supp. 2d 1349, 1356 (M.D. Ala. 1998), aff'd, 178 F.3d 1303 (11th Cir. 1999).

According to the Complaint, the only defamatory statement made by PeoplesSouth was that Plaintiff's accounts were "past due and in collections." (Complaint, ¶¶ 13, 14, 95, 97). Plaintiff admits that this alleged statement was first made in 2003. (Complaint, ¶ 14). Plaintiff also admits that he was on notice of the alleged defamation no later than November of 2003.[9] (Id.). While Bryan contends that the same statement was made again between 2004 and the present, "the law is well settled that the repetition or republication of the identical libel is not a new cause of action for which a separate suit may be maintained." Age-Herald Publ'g Co. v. Huddleston, 92 So. 193, 197 (Ala. 1921).

As stated by the Northern District of Alabama, "the 'ongoing publication' theory on which plaintiff's argument rests is clearly contradictory to the 'single publication' rule." Patterson, 4 F. Supp. 2d at 1356; see also Ferber v. Citicorp Mortgage, Inc., 1996 WL 46874, *6 (S.D. N.Y. Feb. 6, 1996) (holding that statute began to run upon first publication to credit agencies and that "[p]laintiffs cannot resurrect a time-barred claim by contending that the publication continued for seven months"); David J. Gold, P.C. v. Berkin, 2001 WL 121940, *4 (S.D. N.Y. Feb. 13, 2001) (same). Therefore, because the alleged defamatory statement was first made in 2003, more than two years before the

---

[9] Because Plaintiff admits that he discovered the alleged defamation more than two years before the present lawsuit was filed, it is unnecessary to address the issue of tolling.

present lawsuit was filed, the single publication rule dictates Plaintiff's defamation claim is barred by the statute of limitations and due to be dismissed.

### b.    Plaintiff fails to state a claim for defamation per se.

Under Alabama law, there are two types of claims for libel and slander:  per se and per quod.  Here Plaintiff asserts only per se claims and has made no claim for defamation per quod.  (Complaint, ¶ 99).  Because Bryan has failed to state a claim for defamation per se, and because he has not alleged defamation per quod, his defamation claim is due to be dismissed.

### i.    The complaint does not allege that Bryan is a merchant or tradesman or otherwise engaged in an occupation where credit is essential.

The sole basis for Bryan's defamation claim is that PeoplesSouth allegedly reported to Equifax and/or Trans Union that his accounts were delinquent, thereby lowering his credit rating.  The Alabama Supreme Court has previously addressed whether such statements, if false, are libelous per se.  In Harrison v. Burger, the plaintiff alleged that "the defendants wrongfully and negligently reported to the Associated Retail Credit Men of Birmingham, in substance, that the plaintiff owed the defendants an account which was then long past due, and which the plaintiff had failed to pay," causing her "credit" to be "greatly impaired."  103 So. 842, 842 (Ala. 1925).[10]  The court held that "words charging nonpayment of debts or insolvency" are not libelous per se unless "they refer to merchants, tradesmen, or others in occupations where credit is essential."  Id. at 843.  The court then noted that the plaintiff "was not so engaged, so

---

[10] Harrison is still good law and was cited by the Alabama Supreme Court for this point of law in Liberty Loan Corp. of Gadsden v. Mizell, 410 So. 2d 45, 49 (Ala. 1982) and General Elec. Credit Corp. v. Alford & Associates, Inc., 374 So. 2d 1316, 1320 (Ala. 1979).

far as any count in the complaint discloses." Id. at 844. As a result, "the words alleged to have been written of plaintiff, under the circumstances herein disclosed, were not libelous per se." Id.

The same reasoning applies in the present case. Any statement PeoplesSouth allegedly made regarding Plaintiff's past due accounts cannot possibly support a claim for libel per se unless Plaintiff is engaged in an occupation where credit is an essential part of the business. Just as in Harrison, Plaintiff's Complaint contains no indication that the he is engaged in such an occupation. In fact, Plaintiff admits in his complaint that he is merely "a consumer." (Complaint, ¶ 2). Therefore, because Bryan is not engaged in a business where credit is essential, any statement allegedly made by PeoplesSouth regarding his past due accounts are not libelous per se under Alabama law. Consequently, Plaintiff's libel per se claim is due to be dismissed.

### ii.    The alleged defamatory statement does not concern an indictable offense of infamy or moral turpitude.

Under Alabama law, slander per se is only actionable "if it imputes to the plaintiff an indictable offense involving infamy or moral turpitude." Anderton v. Gentry, 577 So. 2d 1261 (Ala. 1991); Shook v. St. Bede School, 74 F. Supp. 2d 1172, 1180 (M.D. Ala. 1999); Chalal v. Northwest Med. Ctr., Inc., 147 F. Supp. 2d 1160, 1180 (N.D. Ala. 2000). Nowhere in the Complaint does Bryan allege that PeoplesSouth accused him of criminal conduct, particularly not conduct involving infamy or moral turpitude. As a result, Plaintiff fails to state a claim for slander per se. Accordingly, Plaintiff's slander per se claim is due to be dismissed pursuant to Rule 12(b)(6).

c.    **Plaintiff fails to state a claim for defamation per quod.**

By the plain statements in the Complaint, Plaintiff's defamation claim is exclusively limited to slander per se and libel per se. (Complaint, ¶ 99). Furthermore, the Complaint contains no claims for libel per quod or slander per quod. Because Plaintiff has asserted no per quod claims, the Court's inquiry should end here by dismissing Plaintiff's defamation per se claims for the reasons stated above. Even if Bryan argues that his defamation per se claims should somehow be treated as per quod claims, he has nevertheless failed to state a cause of action for defamation per quod.

i.    **Plaintiff has failed to sufficiently allege special damages.**

Bryan fails to state a claim for defamation per quod because he did not sufficiently allege special damages. In order to recover for libel per quod or slander per quod, a plaintiff must plead and prove special damages as an element of the cause of action. Butler v. Town of Argo, 871 So. 2d 1, *18 (Ala. 2003); Myers v. Mobile Press-Register, Inc., 97 So. 2d 819, 821 (Ala. 1957) (holding that because no special damages were alleged, "the publication complained of must be libel per se or the complaint states no cause of action"); Shook, 74 F. Supp. 2d at 1180; Chalal, 147 F. Supp. 2d at 1180. Special damages are limited to "'material loss capable of being measured in money'" and are "economic" or "pecuniary" in nature. Shook, 74 F. Supp. 2d at 1180; Clark v. America's First Credit Union, 585 So. 2d 1367, 1371 (Ala. 1991); Ebersole v. Fields, 62 So. 73, 75 (Ala. 1913).

Rule 9(g) of the Federal Rules of Civil Procedure states that "[w]hen items of special damage are claimed, they shall be specifically stated." In order to be specifically stated, the allegation of special damage must be "explicit." Brown & Williamson

Tobacco Corp. v. Jacobson, 713 F.2d 262, 270 (7th Cir. 1983). One of the primary benefits of this rule is that "[i]t enables groundless per quod defamation cases to be dismissed at an early stage in the litigation." Id.

In the present case, Bryan offers little more than a hint that he is claiming economic damages. He states only that he has suffered "loss of the ability to obtain credit … and pecuniary damages." (Complaint, ¶ 102). Where specificity was required, the Plaintiff could not have been more general. Federal courts routinely dismiss defamation claims containing such vague allegations of special damages. In Brown & Williamson Tobacco Corporation, supra, for example, the plaintiff alleged that the defendants' defamation caused a decrease in its sales and good will and threatened to destroy the value of its investment. The Seventh Circuit Court of Appeals held that while those allegations "may well be attempts to plead actual, realized pecuniary injury … such special damage is not explicitly, and therefore not specifically, alleged." 713 F.2d at 270. Similarly, in Barton v. Barnett, a case often cited on this issue, the plaintiff claimed, inter alia, that he had been damaged in his profession. The court found that other than this "general and conclusory language," the plaintiff did not "state how his professional and business career had been 'ruined,'" nor did he make any "effort to itemize or specify the amount of any special damage." 226 F. Supp. 375, 376, 378 (N.D. Miss. 1964).

The vast majority of federal courts that have addressed this issue reached the same conclusion. See, e.g., Arista Records, Inc. v. Flea World, Inc., 356 F. Supp. 2d 411, 428 (D. N.J. 2005) ("Stating that Defendants were 'damaged' and that the statements 'curtail legitimate business' is simply not sufficient [under Rule 9(g)]."); Paul

v. Premier Elec. Constr. Co., 581 F. Supp. 721, 724 (N.D. Ill. 1984) (holding that plaintiff's allegation that business had been damaged in an amount in excess of $12,500,000 was insufficient because "[n]o specific information [was] alleged as to the basis for that figure, the connection between the statement and the damage, or the specific nature of the damage"); Korry v. Int'l Tel. & Tel. Corp., 444 F. Supp. 193, 197 (S.D. N.Y. 1978) (holding that "[s]uch a generalized allegation does not suffice as a pleading of special damage" where plaintiff alleged damages of $2 million for injury to his "livelihood" and "reputation"); King v. Armstrong, 623 F. Supp. 487, 490 (N.D. Ill. 1985) (same); Spelson v. CBS, Inc., 581 F. Supp. 1195, 1201 (N.D. Ill. 1984) (same).

As these cases demonstrate, Plaintiff's vague allegations of "pecuniary damage" and "loss of credit" simply fail to meet the specificity requirements of Rule 9(g). As stated by this Court in Shook, "[t]hese 'general damages' will not sustain an action for slander per quod." Shook, 74 F. Supp. 2d at 1181. Therefore, Plaintiff's defamation per quod claims are due to be dismissed because he failed to sufficiently allege special damages as required by Alabama law and Rule 9(g) of the Federal Rules of Civil Procedure.

### ii.   Plaintiff has not alleged that he was subjected to disgrace, ridicule, odium, or contempt.

In addition to Bryan's failure to sufficiently allege special damages, he also fails to plead the necessary elements of slander per quod. Under Alabama law, slander per quod is "a communication to a third person of a defamatory statement subjecting the plaintiff to disgrace, ridicule, odium, or contempt." Anderton, 557 So. 2d at 1263; Shook, 74 F. Supp. 2d at 1180. Even taking the allegations of the Complaint as true, Plaintiff has failed to allege that any statement made by PeoplesSouth subjected him to

"disgrace, ridicule, odium, or contempt." Id. For this additional reason, Plaintiff has failed to state a claim for slander per quod.

C.    **Plaintiff's claim for punitive damages under the defamation claim are due to be dismissed.**

Even if the Court does not dismiss Bryan's defamation claim, Plaintiff's request for punitive damages under this claim is still due to be dismissed under Alabama law for two separate and independent reasons. First, Plaintiff fails to state a claim for punitive damages under his libel claim because he did not comply with Alabama Code § 6-5-186. Under Alabama law, a plaintiff cannot recover punitive damages for libel unless he can prove that he made a demand for public retraction before filing suit:

> Vindictive or punitive damages shall not be recovered in any action for libel on account of any publication unless … it shall be proved that five days before the commencement of the action the plaintiff shall have made written demand upon the defendant for a public retraction of the charge or matter published; and the defendant shall have failed or refused to publish within five days, in as prominent and public a place or manner as the charge or matter published occupied, a full and fair retraction of such charge or matter.

ALA. CODE § 6-5-186 (1975). Plaintiff's complaint contains no indication that he complied with the requirements of this statute. As a result, Plaintiff is precluded from recovering punitive damages for his libel claim. Accordingly, the Court should dismiss this portion of Plaintiff's claim for punitive damages.

Second, Plaintiff fails to state a claim for punitive damages because he has not sufficiently pled that PeoplesSouth made a defamatory statement with malice. It has long been the rule under Alabama law that "[t]o recover punitive damages in defamation cases, a plaintiff must show that the declarant communicated the defamatory statement with malice." Nelson v. Lapeyrouse Grain Corp., 534 So. 2d 1085, 1095 (Ala. 1988);

see also ALA. CODE § 6-5-186 (1975).  As explained above, Bryan failed to allege that
PeoplesSouth defamed him with malice.  Although the term is used loosely in reference
to PeoplesSouth's alleged attempt to coerce Plaintiff into paying his debt, Plaintiff does
not state that PeoplesSouth knowingly furnished false information with malice or willful
intent to injure him.  Because Plaintiff does not allege that the purported defamation was
malicious, Plaintiff fails to state a claim that would entitle him to recover punitive
damages.

## IV. CONCLUSION

As stated more fully herein, Bryan's claim against PeoplesSouth under § 1681s-
2(b) of the FCRA is due to be dismissed because the Complaint fails to state that
PeoplesSouth's duties under that section were triggered by notice from either Equifax or
Trans Union of Bryan's complaints to those CRAs.  Furthermore, Plaintiff's defamation
claim is due to be dismissed for a multitude of reasons: (1) it is preempted by
§ 1681h(e) of the FCRA; (2) it is barred by Alabama's two year statute of limitations; and
(3) Bryan failed to plead the necessary elements of defamation per se or per quod.
Finally, even if Plaintiff's has managed to state a claim for defamation, which he has not,
he is not entitled to recover punitive damages for said claim under Alabama law.  For
each of the foregoing reasons, PeoplesSouth respectfully requests that Plaintiff's claims
against it be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for
failure to state a claim upon which relief can be granted.

Respectfully submitted this **27th day of March, 2006**.

## CERTIFICATE OF SERVICE

I hereby certify that on March 27 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr.
James D. Patterson
Law Offices of Earl P. Underwood
21 South Section Street
Fairhope, Alabama  36533
epunderwood@alalaw.com
jpatterson@alalaw.com

Jim S. Calton, Jr.
Calton & Calton
226 East Broad Street
Eufaula, Alabama  36027
caltonlaw@eufaula.rr.com

Kary B. Wolfe
Walston Wells & Birchall LLP
One Federal Place, Suite 1100
1819 Fifth Avenue North
Birmingham, Alabama  35203
kwolfe@walstonwells.com

E. Luckett Robinson, II
Hand Arendall LLC
Post Office Box 123
Mobile, Alabama  36601
lrobinson@handarendall.com

Garrett E. Miller
Kilpatrick & Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
gmiller@kilpatrickstockton.com


s/ Gary L. Howard
Of Counsel