IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| STEVEN BRYAN, | ) |
| Plaintiff, | ) |
| VS. | ) CASE NO: 2:06cv166-MEF |
| EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC. and PEOPLESSOUTH BANK f/k/a PEOPLES COMMUNITY BANK | ) ) ) JURY TRIAL DEMANDED ) |
| Defendants. | |

## FIRST AMENDED COMPLAINT

Plaintiff, Steven Bryan, by and through the undersigned attorneys, brings this action against Defendant Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union") and Peoplessouth Bank f/k/a Peoples Community Bank ("Peoples") on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and claims under Alabama law. Plaintiff seeks actual damages, punitive damages, costs and attorneys fees.

2. Plaintiff is a natural person and consumer, a resident and a citizen of Barbour County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

3. Defendant Equifax is a corporation incorporated under the laws of Georgia. It has its

4. Equifax is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

5. Equifax dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

6. Defendant Trans Union is a corporation incorporated under the laws of Illinois. It has its principal place of business in Illinois. It is licensed to do business in Alabama.

7. Trans Union is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

8. Trans Union dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

9. Defendant Peoplessouth Bank f/k/a Peoples Community Bank is a corporation doing business in Alabama and is incorporated under the laws of Georgia. Defendant's principal place of business is in Colquitt, Georgia.

10. Peoples is a furnisher of information as defined in 15 U.S.C. § 1681s-2 of the FCRA and/or a user of consumer credit reports.

## JURISDICTION AND VENUE

11. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this

dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

12. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. §1391.

### FACTUAL ALLEGATIONS

13. In 2003, adverse information contained in the plaintiff's consumer credit report by Equifax stated and implied that plaintiff's Peoples accounts were past due and in collections.

14. Plaintiff, in November 2003, advised Equifax of the inaccurate reporting of the Peoples accounts and informed Equifax that these accounts were included in his 2002 bankruptcy and should be reported as included in bankruptcy.

15. Equifax notified Peoples directly regarding the disputed accounts and requested an investigation of the same.

16. Plaintiff received the reinvestigation results from Equifax on December 11, 2003 stating that after notifying the furnisher of the information, the Peoples accounts, number 2015484637270* and 2015484617270* were updated by Equifax to show their status as included in bankruptcy.

17. On April 4, 2005, Plaintiff ordered his consumer reports from all 3 major credit reporting bureaus and after examining the same, Plaintiff learned that Defendants were reporting false information about him.

18. Adverse information contained in the consumer credit reports by Equifax and Trans Union stated and implied that Peoples accounts, number 2015484637270*, 2015484617270* and

25015484372701177 were reporting past due and in collections and not included in bankruptcy.

19. Plaintiff sent dispute letters by certified mail to Equifax and Trans Union disputing the inaccurate account information and included copies of his credit reports and the bankruptcy discharge that listed the Peoples accounts as included in his bankruptcy.

20. Defendant Trans Union and Equifax notified Peoples directly regarding the disputed accounts and requested an investigation of the same.

21. Defendant Trans Union reported the results of their reinvestigation on or about May 10, 2005 to the plaintiff and deleted the Peoples account 20154846l7270.

22. The Trans Union report that was included with the reinvestigation results reported the Peoples account 25015484372701177 as in collections and not included in bankruptcy.

23. Defendants Trans Union and Peoples did not perform a proper investigation as account 20154846l7270 was deleted and not updated and account number 25015484372701177 did not report as included in bankruptcy and continued to report in collections.

24. Defendant Equifax on or about May 17, 2005, reported the results of their reinvestigation. The reinvestigation report contained no information regarding the Peoples accounts and the credit report that was included with the results of the investigation reported account 20154846l7270 120 days past due and not included in bankruptcy.

25. On May 27, 2005, Equifax reported the additional results of its reinvestigation. Equifax updated the status of accounts 2015484637270* and 2015484617270* as reported in bankruptcy.

26. On June 23, 2005. Plaintiff ordered a tri-merged credit report. Adverse information contained in the consumer credit reports by Equifax and Trans Union stated and implied that Peoples

accounts, number 2015484637270*, 2015484617270* and 25015484372701177 were reporting past due and in collections

27. The reporting by Trans Union and Equifax occurred after plaintiff's notifications to both defendants that the accounts were to be included in bankruptcy and after Peoples was placed on notice concerning the disputed accounts.

28. The Plaintiff has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendant's publication of this adverse credit information.

29. Defendants have repeatedly attributed adverse credit information to the Plaintiff that does not belong to him.

30. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the Defendants.

31. The presence of these inaccurate trade-lines on his credit report adversely affects his good name and creditworthiness.

32. Defendants have published very low credit scores about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

33. Defendants have published false adverse action codes about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

34. Defendants prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding the Plaintiff, as defined in the FCRA 15 U.S.C. 1681a.

35. Defendants maintain a contract with smaller affiliate bureaus, legal and contractual agents, wherein they share data and other assets.

36. Defendants allow their credit reporting database, which takes in, warehouses, maintains and manipulates data supplied by their subscribers, to be accessed by their affiliate bureaus and subscribers.

37. Defendants and their affiliate bureaus and subscribers have access to consumer credit reports, prepared by the Credit Reporting Agencies ("CRA"), from the same data pool, in the same database, and Defendants have duties to each consumer, including Plaintiff, about whom they report, as provided for in the FCRA.

38. Defendants have repeatedly supplied false consumer reports to its subscribers and attributed said data to the Plaintiff.

39. Plaintiff advised Defendants directly, on multiple occasions, of the false data and demanded that the inaccurate information be removed from its consumer reports and files of and concerning Plaintiff.

40. Defendants failed to properly reinvestigate Plaintiff's disputes and Defendants continued to prepare and issue false consumer reports.

41. Defendants misrepresented information to Plaintiff and further concealed information from Plaintiff.

42. Defendants chose to continue to prepare and publish false consumer credit reports about Plaintiff.

43. Defendants took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

44. Likewise, Defendants failed to take necessary and reasonable steps to prevent further inaccuracies from entering Plaintiff's credit data file and such false data continued to be posted as

new consumer credit reports were prepared, issued and disseminated by Defendants and relayed for further use, reliance and publication by their subscribers.

45. Defendants failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

46. Defendants failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the FCRA.

47. Defendants have continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notices from the Plaintiff that such information was inaccurate.

48. Defendants through its fault, as described herein, caused great and irreparable injury to Plaintiff herein.

49. Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or for willful violations of the provisions under the FCRA.

50. Further, by violating the FCRA and using unreasonable procedures for data accuracy and integrity, Defendants likewise breached their contractual duties.

51. As a result of the misleading and inaccurate information reported by the Defendants, the Plaintiff has suffered sustained actual damages including, financial damages, credit denials, and

emotional distress.

52. Defendants' conduct, action and inaction, was willful.

53. Defendants' actions and inactions were negligent.

54. Peoples published the account representations to Defendants and through Defendants, to all of Plaintiff's potential lenders.

55. Defendants did not have any reasonable basis to believe that the Plaintiff was past due and in collections on the accounts reported in his credit file.

56. Defendants willfully determined to follow procedures which it did not review, confirm or verify the identity of persons to whom it grants credit for.

57. The Defendants' wrongful conduct has caused the Plaintiff severe emotional distress.

58. The Defendants' conduct was clearly extreme and outrageous and would shock a reasonable person's conscience.

### COUNT ONE
### Failure to comply with 15 U.S.C. § 1681s-2 of the
### Fair Credit Reporting Act by Defendant Peoples

59. This is a count against Defendant Peoples for its willful and/or negligent violations of 15 U.S.C. § 1681s-2(b) of the FCRA.

60. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

61. Defendant was required under 15 U.S.C § 1681s-2(b), to respond to the request for reinvestigation by the Plaintiff by completing a diligent inquiry into the facts underlying the trade-lines and providing accurate information to the credit reporting agencies regarding those trade-lines.

62. Defendant's reinvestigation included the following duties and was required to meet

the following standards:

    A. To include a review of all information provided to it by the credit reporting agency;

    B. To be conducted in good faith;

    C. To be conducted in such a fashion as to assure the maximum possible accuracy of the Plaintiff's consumer credit report;

    D. To be conducted in such a way as to not violate any of the general prerequisites for Peoples conduct under 15 U.S.C § 1681s-2(a) or any other statutory requirement for furnishers of credit information;

    E. To be conducted in a reasonable fashion; and

    F. To be conducted based on a review of all information reasonably available to Peoples.

63. Following the reinvestigation, on information and belief, Peoples reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

64. Following the reinvestigation, Peoples reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) an the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

65. Following the reinvestigation and dispatch of notice to Peoples, Defendant reported credit information that was in fact not accurate, and in violation of the FCRA, 15 U.S.C. § 1681s-

2(b) an the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

66. Following the reinvestigation and dispatch of notice to Peoples the Defendant failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) an the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

67. Defendant's reinvestigation was not conducted in good faith.

68. Defendant's reinvestigation was not conducted in such a way as to insure the maximum possible accuracy of the Plaintiff's consumer report.

69. Defendant's reinvestigation was not conducted reasonably.

70. Defendant's reinvestigation was not conducted using all information reasonably available to Peoples.

71. Defendant's reinvestigation was per se deficient by reason of these failures of Peoples in its reinvestigation of the credit card account on the Plaintiff's consumer credit report.

72. Defendant's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Peoples for:

    A. Actual damages;

    B. Punitive damages;

    C. Statutory damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    D. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    E. For such other and further relief as may be just and proper.

## COUNT TWO
### Failure to comply with 15 U.S.C. §§ 1681e(b), 1681i(a) and 1681i(a)(5) of the Fair Credit Reporting Act and State Laws by Defendants.

73. This is a count against Defendants Equifax and Trans Union for its willful and negligent violations of 15 U.S.C. §§ 1681e(b), 1681i(a), 1681i(a)(5) of the FCRA and state law.

74. Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully set out herein.

75. Defendants willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in consumer credit reports.

76. Defendants willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer credit report.

77. The trade-line contained within the Plaintiff's Equifax and Trans Union reports as published by Defendant rendered the reports as inaccurate.

78. Following receipt of the Defendants consumer report, the Plaintiff requested that Defendants reinvestigate the inaccurate accounts.

79. As part of the reinvestigation, Defendants were required to notify the furnisher, Peoples, of the allegedly inaccurate accounts of the dispute in a notice.

80. That notice was required to include all relevant information regarding the dispute that the agencies have received from the consumer.

81. As part of the reinvestigation, Defendants were required to consider and give due weight to all relevant information submitted by the Plaintiff.

82. Defendants negligently and/or willfully failed to properly consider and give due

weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

83. In response to the request for reinvestigation, Defendants did not perform a reinvestigation, and refused to remove the inaccurate information in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

84. Defendants have maintained the inaccurate accounts on the Defendants' credit reports of the Plaintiff.

85. Defendants have negligently and/or willfully failed to conduct a proper reinvestigation of the Peoples accounts in violation of the of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

86. The Plaintiff suffered damages as a result of this violation of the FCRA.

87. Defendants' actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for:

    A. Actual damages;

    B. Punitive damages;

    C. Statutory damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    D. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    E. For such other and further relief as may be just and proper.

## COUNT THREE
**Failure to comply with 15 U.S.C. § 1681i(a)(5)(B) of the Fair Credit Reporting Act and State Laws by Defendant Equifax and Trans Union.**

88.　This is a count against Defendant Equifax and Trans Union for violations of the FCRA and state law.

89.　Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

90.　Defendants failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not repost to Plaintiff's consumer report after deletion and would be suppressed from appearing on Plaintiff's consumer reports.

91.　Defendants failed and refused to notify the Plaintiff of the reinsertion of the inaccurate information.

92.　Defendants failed and refused to employ reasonable procedures to prevent the reappearance of disputed and deleted data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

93.　Defendants, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

94.　Defendants have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

95.　In addition to actual or compensatory damages for its negligent conduct, Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages

under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for:

- A. Actual damages;
- B. Punitive damages;
- C. Statutory damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o.
- D. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1681n and/or 1681o.
- E. For such other and further relief as may be just and proper.

## COUNT FOUR
### Defamation

96. The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

97. Between at least 2004 through the present, Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that Plaintiff was delinquent in paying on his account and it was placed in collections.

98. On information and belief the Defendants have published this information both orally and in writing.

99. Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified them numerous times that the account was being reported inaccurately, and that these accounts should be reporting included in bankruptcy, and that the accounts should have not been reported on his credit reports as delinquent.

100. Plaintiff has continued to notify Defendants by letters that the subsequent reporting is inaccurate.

101. The written publications by Defendants constitute liable per se. The verbal publications constitute slander per se.

102. Despite Plaintiff's notice, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not his. Moreover, Defendant Peoples acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed information on the accounts were that of the Plaintiff. Defendants' acts constitute express or actual malice.

103. Defendants have defamed the Plaintiff by publishing misleading and/or inaccurate information to third parties regarding his creditworthiness.

102. As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish, loss of reputation, loss of the ability to obtain credit, mental anguish, and suffering, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and to the total disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    A.    Actual damages;

    B.    Punitive damages;

    C.    Statutory damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    D.    Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1681n

and/or 1681o.

E. For such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED,**

**DATED** this the ___17th___ day of ___April___, 2006.

_____
EARL P. UNDERWOOD, JR. (UNDEE6591)
JAMES D. PATTERSON (PATJ6485)

Law Offices of Earl P. Underwood
21 South Section St.
Fairhope, Alabama 36533
Phone: 251-990-5558
Fax: 251-990-0626

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

_____
James D. Patterson

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of April, 2006, a copy of the foregoing was served on counsel for all parties to this proceeding by placing a copy of same in the U.S. Mail, properly addressed and first-class postage prepaid to:

E. Luckett Robinson, II
Hand Arendall, LLC
PO Box 123
Mobile AL 36601-0123
*Counsel for Equifax Information Services, LLC*

Kary Bryant Wolfe
Walston Wells Anderson & Birchall LLP
PO Box 830642
Birmingham AL 35283-0642
*Counsel for TransUnion*

JAMES D. PATTERSON