# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| STEVEN BRYAN, | ) |
| Plaintiff, | ) |
| VS. | ) CASE NO: 2:06-CV-00166-SRW |
| EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC. and PEOPLESSOUTH BANK f/k/a PEOPLES COMMUNITY BANK | ) ) ) JURY TRIAL DEMANDED ) |
| Defendants. | |

## PLAINTIFF'S MOTION IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

Comes Now, Plaintiff Steven Bryan and files his Motion In Opposition to Defendant's Motion to Dismiss.

**RESPECTFULLY SUBMITTED**,

**DATED** this the 19th day of April, 2006.

　　　　　　　　　　　　　　　　　　/s/James Patterson　　　　　　　　　　
　　　　　　　　　　　　　　　　**JAMES D. PATTERSON (PATJ6485)**

**Law Offices of Earl P. Underwood**
21 South Section St.
Fairhope, Alabama 36533
Phone: 251-990-5558
Fax: 251-990-0626

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **STEVEN BRYAN,** ) | |
| **Plaintiff,** ) | |
| VS. ) | CASE NO: 2:06-CV-00166-SRW |
| ) | |
| **EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC. and PEOPLESSOUTH BANK f/k/a PEOPLES COMMUNITY BANK** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** | |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

This memorandum is submitted in opposition to PeopleSouth's (hereinafter "Peoples") Motion to Dismiss Plaintiff's Complaint. Defendant has filed a motion to dismiss all of the Plaintiff's claims against Peoples on the basis that 1) Plaintiff failed to establish that Peoples duties under 15 U.S.C. section 1681s-2(b) were triggered, 2) Plaintiff's defamation claim against People is due to be dismissed under Rule 12(b)(6) and 3) Plaintiff's claim for punitive damages under the defamation claim are due to be dismissed.

**RELEVANT FACTS**

Plaintiff brought suit against Peoples alleging Peoples and other defendants to the litigation were negligent in their investigation of Plaintiff's disputes regarding his credit reports and that specifically, Peoples violated section 1681s-2(b) of the Fair Credit Reporting Act (FCRA). See Plaintiff's Amended Complaint [Doc 15]. The Plaintiff also alleged that the Defendant maliciously defamed him by knowingly and repeatedly publishing the fraudulent information with regards to the Peoples account despite their actual knowledge of the fraudulent

2

nature of the account. The Defendants' repeated publications of the account to third parties caused irreparable financial and emotional harm to the Plaintiff.

## ARGUMENT

### I. LEGAL STANDARD.

On a motion to dismiss for failure to state a claim, the claim will be dismissed only if it appears *beyond doubt* that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief. Colney v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); see also Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). (emphasis added) The court in its evaluation of a motion to dismiss must accept that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleadings in the light most favorable to the non-moving party. Cruz v. Beto, 405 U.S. 319, 31 L. Ed. 2d 263, 92 S. Ct. 1079 (1972); Hunnings v. Texaco, Inc., 29 F. 3d 1480, 1483 (11th Cir. 1994). To grant a Rule 12(b)(6) motion, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be provided in support of the claim. Martin v. Phillips, 514 So.2d 338, 340 (Miss. 1987). A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).

### II. NOTICE PLEADING.

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. Federal Rules of Civil Procedure 8(a);

Thomas v. Murkerson, 2005 U.S. Dist. LEXIS 18203 (D. Ga. 2005). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. Hopstrop v. Board of Junior College District No. 1, 523 F.2d 569 (7th Cir. 1975). There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. Maynard vs. General Electric Company, 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. Neizil v. Williams, 543 F.Supp. 899 (U.S.D.C. M.D. Fla. 1982); Ambling v. Blackstone Cattle Co., 658 F.Supp. 1459 (U.S.D.C. N.D. Ill. 1987). The complaint must be in general terms and need not be stated within the framework of a cause of action. Stanley v. Harper Buffing Machine Co., 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. Curacao Trading Co. v. Fed. Ins. Co., 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, Plaintiff need not allege a theory of action. Id. Plaintiff need not specify under what law[s] his case arises. Ghebreslassie v. Coleman Secur. Svc., 829 F.2d 892 (9th Cir. 1987). Plaintiff need not plead state laws. Lumbermans Mut. Cas. Co. v. Norris Grain Co., 343 F.2d 670 (8th Cir. 1965). State laws should not be plead as the federal court will take judicial notice of applicable state laws. Bower v. Casanave, 44 F.Supp. 501 (U.S.D.C. N.Y. 1941). Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendants on notice of his claim. Fed. R. Civ. Proc. 8.

    **III.**    **PLAINTIFF'S COMPLAINT DOES STATE A PRIVATE CAUSE OF ACTION UNDER U.S.C. § 1681s-2(b) OF THE FCRA.**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), and the jurisprudence construing

4

the same, when faced with a Motion to Dismiss under Rule 12(b)(6), the court must treat the facts alleged in the complaint as admitted. The question is whether the Plaintiff has failed to properly allege a cause of action against Peoples under 1681s-2(b) of the FCRA. Plaintiff believed his filed complaint on February 23, 2006 properly alleged the violations against Peoples under 1681s-2(b). [Doc. 1] However, in an abundance of caution, Plaintiff has filed his First Amended Complaint ("Complaint") with additional factual allegations.

The Complaint clearly alleges that Peoples was placed on notice by Equifax and Trans Union of the disputed account information. Equifax first placed Peoples on notice after Plaintiff's November 2003 dispute letter to Equifax requesting an investigation of the inaccurate reporting of the Peoples account. (Complaint ¶¶ 14 and 15). Equifax notified the Plaintiff of the results of the investigation after it placed Peoples on notice regarding the inaccurate accounts. (Complaint ¶ 16). Plaintiff in 2005 again found information inaccurate on his credit report and contacted Trans Union and Equifax regarding the incorrect reporting of the Peoples accounts. (Complaint ¶¶ 17-19). Peoples were contacted by both credit reporting agencies (CRA's) and an investigation was performed. (Complaint ¶ 20). Additionally, Plaintiff alleges in Count 1 of his complaint that Peoples received notice of the reinvestigation and continued to report inaccurate information in violation of the 1681s-2(b) (Complaint ¶ 65).

Thus, the Plaintiff has properly alleged that Peoples was placed on notice by the CRA's that Bryan had disputed the inaccurate account information. Plaintiff's allegations are sufficient in light of the appropriate standard for a Motion to Dismiss. The Court should deny Peoples Motion to Dismiss Plaintiff's 1681s-2(b) claim.

**IV.   THE COURT SHOULD DENY PEOPLES MOTION TO DISMISS BECAUSE PLAINTIFF ALLEGES MALICIOUS AND WILLFUL**

5

**CONDUCT.**

Defendant argues that the FCRA preempts Plaintiff's defamation claim and moves that this court should apply the reasoning of McCloud v. Homeside Lending, 309 F. Supp. 2d 1335 (D. Ala. 2004). In McCloud, the court adopted the third approach to the preemption line of cases. Under § 1681h(e), any action or proceeding "in the nature of defamation, invasion of privacy, or negligence" is preempted, *unless* the "false information [was] furnished with malice *or willful intent to injure* [the] consumer." 15 U.S.C. § 1681h(e) (emphasis supplied). Id at 17.

Defendant argues that Plaintiff's claim for defamation does not contain statements regarding People's alleged "malice". This is simply not true. Plaintiff alleges in its complaint that Defendant's actions were malicious, willful, wanton and to the total disregard of plaintiff's rights. (Complaint ¶ 102). Plaintiff alleges that Defendant's actions were malicious in such a way as to attempt to coerce plaintiff into paying off a debt that was not owed. (Complaint ¶ 102). Plaintiff has pleaded that the defendant's actions constituted malice.

Plaintiff has also pleaded that Defendant's actions constituted willful intent to injure the plaintiff. A further reading of McCloud points out that the court allowed the plaintiff's defamation claim to stand.

> Finally, defendant argues that the complaint does not allege that "Washington Mutual and/or its employees acted with malice or willful intent to injure the plaintiff"; and, as such, plaintiff's remaining claims -- *defamation* and invasion of privacy -- cannot be maintained. Plaintiff responds to this argument by asserting that defendant: (1) "willfully" failed to follow reasonable procedures to assure accuracy when preparing plaintiff's consumer report; (2) "willfully" failed to disclose accurate information about plaintiff when requested to do so; (3) "willfully" failed to delete incomplete and inaccurate information in plaintiff's file after conducting a reinvestigation; (4) "willfully" failed to contact the sources suggested by plaintiff during the reinvestigation; (5) "willfully" failed to provide subsequent users of the report with the plaintiff's statement of dispute or summary thereof. Plaintiff alleges that defendant willfully furnished inaccurate information and willfully failed to investigate to correct the error. Plaintiff further alleges that

      defendant knew or should have known from the correspondence received by it that plaintiff maintained her own home owner's insurance policy, and that defendant acted wantonly when it reported plaintiff's mortgage payments as being late based on her refusal to pay such insurance premiums. Finally, plaintiff alleges that defendant "knew or should have known that the information concerning Plaintiff's credit that was published to various credit reporting agencies was false and inaccurate." These are sufficient allegations of defendant's "willful intent to injure" plaintiff; therefore, plaintiff's claims for defamation and invasion of privacy are not preempted. (emphasis added)

McCloud v. Homeside Lending, 309 F. Supp. 2d 1335, 1344 (D. Ala. 2004).

      Similarly, the Plaintiff has alleged that Peoples actions constituted a willful act. Plaintiff plead in Count One of the complaint that the Defendant's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiff to recover for damages. (Complaint ¶ 72). As the plaintiff in McCloud did, plaintiff listed each and every alleged violation of the defendant. (Complaint ¶ 67-71).

      Therefore, even if the court concludes that plaintiff did not adequately plead malice in his claim for defamation, plaintiff has plead that Defendant's actions did constitute willfulness and thus Plaintiff's defamation claim is not preempted by the FCRA.

### V.    PLAINTIFF'S DEFAMATION CLAIM IS NOT TIME-BARRED.

      Defendant states in its motion to dismiss that the two year statute of limitations has run on Plaintiff's defamation claim. Defendant in its argument cites Patterson v. United Companies Lending Corp., 4 F. Supp. 2d 1349 (M.D. Ala. 1998) basing its argument on the single publication rule established by the court. However, the analysis is erroneous because the publication of the slanderous information is based on publication of a newspaper or magazine. The concerns of this case are not with such items here. A more inclined analysis is needed to ascertain the statute of limitations to the application of the FCRA.

Courts have held that each violation of the FCRA has its own distinct statute of limitations. Hyde v. Hibernia National Bank in Jefferson Parish, 861 F.2d 446, 450 (5th Cir. 1988). Thus, each failed 1681s-2(b) reinvestigation violation of the FCRA constitutes a separate and distinct cause of action under the FCRA and has a separate and distinct cause of action under the FCRA and has a separate statute arising on the date the violation occurred or the damage occurred, per Hyde.

The court in Barron v. Trans Union Corp., 82 F. Supp.2d 1288 (U.S.D.C. M.D. Ala. 2000), stated:

> "Under the FCRA, "an action to enforce any liability . . . may be brought . . . within two years from the date on which the liability arises. . . ." 15 U.S.C. §§ 1681p. Under 15 U.S.C. §§ 1681e(b), liability arises when the consumer reporting agency issues an inaccurate consumer report. See Wilson v. Porter, Wright, Morris & Arthur, 921 F.Supp. 758, 759-60 (S.D. Fla. 1995); see also Hyde v. Hibernia National Bank in Jefferson Parish, 861 F.2d 446, 450 (5th Cir. 1988) (holding that "each transmission of the same credit report is a separate statute of limitation applies"). Under 15 U.S.C. §§ 1681i, liability arises when the consumer reporting agency "allegedly violate[s] its duty under the FCRA to reinvestigate." Williams v. Colonial Bank, 826 F. Supp. 415, 419 [*1294] (M.D. Ala. 1993) aff'd, 29 F.3d 641 (11th Cir. 1994)."

As further highlighted by Richardson v. Fleet Bank, 190 F. Supp.2d 81 (U.S.D.C. Mass. 2001), where the court stated:

> "The FCRA provides that an action to enforce liability must be brought "*within two years from the date on which the liability arises*." 15 U.S.C. §§ 1681p. Under section 1681e(b), "liability arises when the consumer reporting agency issues an inaccurate consumer report. Under (section 1681i), liability arises when the consumer reporting agency allegedly violates its duty under the FCRA to reinvestigate." Barron v. Trans Union Corp., 82 F.Supp.2d 1288, 1293 (M.D. Ala. 2000) [quotations, citations and brackets omitted]."

Similarly, defamation and other like statutes do not run from the date of first knowledge of one act of defamation. A defendant, who defames a plaintiff, is liable for the harm from the initial reporting and any and all republications which were reasonably foreseeable. Luster v.

Retail Credit Co., 575 F.2d 609 (8th Cir. 1978) (Ark.)

Where defamation cases involve similar discrete acts of republication of the same material, most courts have rejected the continuing violation theory adopting instead the single publication rule. Hyde v. Hibernia National Bank in Jefferson Parish, 861 F.2d 446, 450 (5th Cir. 1988). If republication of the same material is inappropriate for the continuing violation theory then separate and distinct defamatory statements should not be viewed as continuing torts.

The statute of limitations prescribes a period that runs from the date of publication, which is the date on which the injury to the plaintiff's reputation occurs and the cause of the action is completed. Liberty Nat's Life Ins. Co. v. Daugherty 840 So. 2d 152 (Ala. 2002). Every distinct publication of libelous or slanderous materials gives rise to a separate cause of action, even if the material communicated by each publication relates to the same matters as previous publications. Poff v. Hayes, 763 So. 2d 234 (Ala. 2000); Age-Herald Publ'g Co. v. Waterman, 188 Ala. 272, 66 So. 16 (1913).

A new and distinct cause of action arose in 2004 and 2005 when Plaintiff viewed his credit report with the inaccurate information on it. Therefore, each distinct publication gives rise to a separate cause of action and any of plaintiff's claims of defamation after 2003 would be valid and fall within the two year statute of limitations.

### V1.    PLAINTIFF'S CLAIMS FOR DAMAGES UNDER DEFAMATION ARE ALLOWED.

Defendant argues that Plaintiff's claims for damages are due to be dismissed due to plaintiff's failure to comply with Alabama Code § 6-5-186. Defendant cites no case authority that this section of the statue is applicable to defamation claims under the FCRA. Therefore, Plaintiff was not inclined to comply with this section of the Alabama Code.

Second, Defendant again repeats its argument that plaintiff has failed to sufficiently plead that People made a defamatory statement with malice. Plaintiff has already argued this point and refers to his previous discussion.

## CONCLUSION

The Plaintiff stated a valid § 1681s-2(b) claim when he alleged that Peoples failed to perform a reasonable investigation of Plaintiff's § 1681i dispute of the inaccurate Peoples accounts appearing on his credit reports. Under the appropriate standard for a motion to dismiss, the Court should not dismiss Plaintiff's § 1681s-2(b) claim.

Plaintiff's state law claims should also survive. Peoples argues that Plaintiff's state Law claims are preempted under any of the FCRA. However, Plaintiff has properly plead malice and wantonness conduct of the Defendant.

For the foregoing reasons, the Court should deny Peoples motion to dismiss Plaintiff's claims.

**RESPECTFULLY SUBMITTED**,

   **DATED** this the 19th day of April, 2006.

                                                                                s/ James D. Patterson
                                                        **JAMES D. PATTERSON (PATJ6485)**

**Law Offices of Earl P. Underwood**
21 South Section St.
Fairhope, Alabama 36533
Phone: 251-990-5558
Fax: 251-990-0626

## **CERTIFICATE OF SERVICE**

   I hereby certify that on April 19th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following:

**Kary B. Wolfe**
**Walston Wells & Birchall LLP**
**One Federal Place, Suite 1100**
**1819 Fifth Avenue North**
**Birmingham AL 35203**
**kwolfe@walstonwells.com**

**E. Luckett Robinson, II**
**Hand Arendall LLC**
**Post Office Box 123**
**Mobile AL 36601**
**lrobinson@handarendall.com**

**Garrett E. Miller**
**Kilpatrick & Stockton, LLP**
**1100 Peachtree Street**
**Suite 2800**
**Atlanta GA 30309-4530**
**gmiller@kilpatrickstockton.com**

**Gary Howard**
**Burr & Forman LLP**
**3100 Wachovia Tower**
**420 North Twentieth Street**
**Birmingham AL 35203**
**ghoward@burr.com**

                  **s/ James D. Patterson**