IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

STEVEN BRYAN,                                )
                                             )
            Plaintiff,                        )
                                             )
v.                                           )
                                             )
EQUIFAX INFORMATION SERVICES,                )   Case No.: 2:06-CV-00166-MEF-SRW
LLC, TRANS UNION, LLC. and PEOPLES           )
SOUTH BANK f/k/a PEOPLES                      )
COMMUNITY BANK,                              )
                                             )
            Defendants.                       )

---

## PEOPLESSOUTH BANK'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW** the defendant, PeoplesSouth Bank ("PeoplesSouth" or "Defendant"), by and through its undersigned counsel, and hereby submits its Reply to Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss. As grounds therefor, PeoplesSouth states the following:

### I. PROCEDURAL HISTORY

Plaintiff Steven Bryan ("Bryan") filed the present suit against defendants PeoplesSouth, Equifax, and Trans Union, on or about February 23, 2006. (Doc. No. 1). PeoplesSouth filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 27, 2006. (Doc. No. 9). In its Motion to Dismiss, PeoplesSouth set forth that Bryan's claims against PeoplesSouth under § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA") are due to be dismissed because the Complaint fails to state that PeoplesSouth's duties under that section were triggered by notice from either Equifax or Trans Union of Bryan's complaints to those credit reporting agencies

("CRAs").[1]  (Id. at 4-7).  PeoplesSouth also set forth that Plaintiff's defamation claim is due to be dismissed for several reasons.  First, it is preempted by 15 U.S.C. § 1681h(e) of the FCRA, because the Complaint fails to allege that PeoplesSouth defamed Bryan with malice.  (Id. at 7-11).  Second, Plaintiff's defamation claim is barred by Alabama's two-year statute of limitations.  (Id. at 11-13).  Third, Bryan failed to plead the necessary elements of defamation per se or per quod under Alabama law.  (Id. at 13-18).  Finally, PeoplesSouth established that, even if Plaintiff managed to state a claim for defamation, he is not entitled to recover punitive damages for that claim because Bryan did not comply with Alabama Code § 6-5-186.  (Id. at 18-19).

Plaintiff filed his motion for leave to amend the Complaint on April 18, 2006.  (Doc. No. 15).  Although none of the defendants opposed that motion, the Court has not granted Plaintiff leave to file the Amended Complaint.  Plaintiff submitted his Motion in Opposition to Defendant's Motion to Dismiss on April 19, 2006.  (Doc. No. 16).  The Court granted PeoplesSouth's Motion for Leave to Reply on April 27, 2006 and PeoplesSouth hereby presents its Reply.  (Doc. No. 19).

## II. ARGUMENT

Defendant shows herein that Bryan's defamation claims must be dismissed for several reasons.  First and foremost, the allegedly defamatory statements were not defamatory per se and Bryan failed to plead special damages, as required by Alabama law.  Second, any communications between PeoplesSouth and collection agencies and/or its attorneys cannot be defamation.  Finally, the defamation claims are barred by

---

[1] See 15 U.S.C.A. § 1681i(a)(2); Abbett v. Bank of America, 2006 WL 581193, *3 (M.D. Ala. Mar. 8, 2006) ("[t]o prevail on a § 1681s-2(b) claim, [a plaintiff] must show that a CRA notified the furnisher of information about the consumer's dispute pursuant to § 1681i(a)(2). This notice triggers the furnisher's duties under § 1681s-2(b)")

Alabama's two-year statute of limitations.  Plaintiff's claim for punitive damages for defamation is also due to be dismissed for failure to comply with Alabama Code § 6-5-186.  Furthermore, Plaintiff fails to state a valid claim under § 1681s-2(b) of the FCRA and, even if such claim is properly stated, it is barred by the FCRA's two-year statute of limitations.

**A.    Bryan's Defamation Claim Must Be Dismissed.**

> **1.    PeoplesSouth's alleged statements were not defamatory per se and Plaintiff has failed to adequately plead special damages.**

Count Four of Plaintiff's Complaint is for defamation.  (Doc. No. 1).  Specifically, Plaintiff asserts libel per se and defamation per se against PeoplesSouth.  (Id. ¶ 99).[2] As shown in Defendant's Motion to Dismiss and herein, Bryan fails to state a claim under Alabama law because PeoplesSouth's alleged statements were not defamatory per se and Plaintiff has failed to adequately plead special damages.  The Alabama Supreme Court has established that "[i]n the absence of language that is defamatory per se, a plaintiff must allege and prove special damages resulting from the defamation."  Clark v. America's First Credit Union, 585 So. 2d 1367, 1371 (Ala. 1991) (citing Myers v. Mobile Press-Register, Inc., 266 Ala. 508, 97 So. 2d 819, 821 (1957)).

Bryan does not and cannot adequately plead a claim of defamation per se in this case.  With regard to libel per se, Alabama law holds that "'words charging nonpayment of debts...are actionable without special damage being shown, when they refer to

---

[2] In an abundance of caution, PeoplesSouth addressed Plaintiff's claims under the standard for libel per quod and slander per quod in its Motion to Dismiss.  (Doc. No. 9, pp. 15-18).  Plaintiff failed to address either the defamation per se or defamation per quod arguments in his response brief.  (Doc. No. 16).  For the sake of brevity, Defendant incorporates by reference as if fully set forth herein its arguments regarding defamation per quod from its Motion to Dismiss.  (Doc. No. 9, pp. 15-18).

merchants, tradesmen, or others in occupations where credit is essential.'" Liberty Loan Corp. of Gadsden v. Mizell, 410 So. 2d 45, 49, (Ala., 1982) (quoting Harrison v. Burger, 212 Ala. 670, 672, 103 So. 842 (1925)). (See Doc. No. 9, pp. 13-14). However, neither Plaintiff's Complaint nor his response to the Motion to Dismiss assert that Bryan is in an occupation where "credit is essential." (See Doc. Nos. 1, 16). Furthermore, Plaintiff has not alleged that Defendant's statements implied that Brian has committed an "indictable offense involving infamy or moral turpitude", so as to support his claim for slander per se. Anderton v. Gentry, 577 So. 2d 1261, 1263 (Ala. 1991).

Notably, Plaintiff's brief in response to the Motion for Summary Judgment fails to set forth **any** opposition to the arguments made by PeoplesSouth regarding defamation per se. (Doc. No. 16). This is a tacit admission that Plaintiff has failed to state a claim for defamation per se under Alabama law. Because Plaintiff has not properly alleged defamation per se, special damages are an essential element of his claim under Alabama law. Clark, 585 So. 2d at 1371. It is undisputed that Plaintiff has wholly failed to allege special damages. (See Doc. Nos. 1, 16). Therefore, Count Four of the Plaintiff's Complaint for defamation is due to be dismissed in its entirety as to PeoplesSouth.

> ### 2.    Any communications between PeoplesSouth and collection agencies and/or its attorneys cannot be defamation.

One of the elements of a cause of action for defamation is an unprivileged communication of a false and defamatory statement "to a third party." McCaig v. Talladega Publ'g Co., 544 So. 2d 875, 877 (Ala. 1989). Plaintiff claims that "Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that Plaintiff was delinquent in paying on his account and it was placed in

collections." (Doc. No. 1, ¶ 95). These "credit reporting agencies, collection agencies, and attorneys" are the "third parties" to which Plaintiff claims he was defamed. (Id. ¶ 101). However, to the extent any communication were made by PeoplesSouth to collection agencies and/or its attorneys, those communications cannot be defamation under Alabama law because these entities are **not** third parties.

This exact issue was recently addressed by the Southern District of Alabama in Robinson v. Equifax Information Services, LLC., where the court agreed with the defendant's position that "even if Robinson's allegations are accepted as true, collection agencies and attorneys were the only entities she alleges were told of the delinquent account. Providing information to one's employees or agents in the course of business is not 'publication' to third parties for purposes of establishing a defamation claim." 2005 WL 1712479, *13 (S.D. Ala. Jul. 22, 2005) (granting defendant's motion for summary judgment); see also Brackin v. Trimmier Law Firm, 897 So. 2d 207, 222 (Ala. 2004) ("if there is no publication to a third party, there can be no defamation and there is no need to consider malice, privilege, or any of the other elements of defamation.").

Here, as in Robinson, there can be no defamation regarding any communications between PeoplesSouth and collection agencies and/or its attorneys because such persons or entities would be PeoplesSouth's employees or agents, not third parties. Therefore, Plaintiff's defamation claim is due to be dismissed to this extent that it involves PeoplesSouth's communications with collection agencies and/or its attorneys.

### 3.    Plaintiff's Defamation Claims Are Barred By Alabama's Two-Year Statute Of Limitations.

Defendant showed in its Motion to Dismiss that Plaintiff's state law defamation claim is barred by Alabama's two-year statute of limitations for such claims. (Doc. No.

9, pp. 11-13). Logically, the defamation claim is an Alabama state law claim. However, in his response brief, Plaintiff states that "**each violation of the FCRA** has its own distinct statute of limitations...each failed 1681s-2(b) reinvestigation violation of the FCRA constitutes a separate and distinct cause of action **under the FCRA**." (Doc. No. 16, p. 8) (emphasis added). In fact, all of the authority cited on page 8 of Plaintiff's response brief regarding the statute of limitations issue is premised on the FCRA. (Id.).[3] Plaintiff's reliance on the FCRA is misplaced because the defamation claim is a state law claim governed by Alabama law and is a separate claim from Count One of his Complaint for violation of § 1681s-2(b) of the FCRA.

Defendant asks the Court to apply Alabama's "single publication" rule, as stated in Age-Herald Publ'g Co. v. Huddleston, 207 Ala. 40, 92 So. 193 (1921).[4] Other federal courts have applied state law "single publication rules" in situations involving defamation claims against an information provider, such as PeoplesSouth. For example, in Ferber v. Citicorp Mortg., Inc., the Southern District of New York applied New York's single publication rule and found that "CMI's alleged 'continued reporting' was not a republication giving rise to a new cause of action". Specifically, the Court found that,

_____

[3] Defendant also notes that Plaintiff's arguments on page 8 are based solely on cases involving CRAs and **not** information providers such as PeoplesSouth. (Doc. No. 16, p. 8). As stated above, Defendant disputes that cases addressing the FCRA are applicable to a state law claim for defamation. However, even if such cases are applicable, Plaintiff's cited authority does not address information providers.

[4] The exception enunciated in Age-Herald Publ'g Co. applies to situations where subsequent acts of defamation are verbatim republications of previously made libelous or slanderous statements. 207 Ala. at 44, 92 So. at 197. Here, Plaintiff's Complaint indicates that PeoplesSouth never conducted a reinvestigation and, therefore, continued to provide the exact same information to Equifax and Trans Union. (Doc. No. 1, ¶¶ 21, 59, 61, 100).

Publication of CMI's report to the credit agencies allegedly first took place in October 1992. Accordingly, October 1992 is when the statute of limitations began to run. Plaintiffs cannot resurrect a time-barred claim by contending that the publication continued for seven months. Nor have they produced support for the argument that the continued reporting constitutes a republication of the allegedly defamatory material. **Plaintiffs do not allege that CMI's continued reporting differed in any way** from the reports issued in October 1992 to the credit agencies. No alleged modification contained in the reports issued after April 26, 1993 distinguish them from those already issued to their intended audience. In short, we find that **CMI's alleged continued reporting regarding plaintiffs' delinquency on the Loans and the commencement of foreclosure proceedings was not a republication of the allegedly defamatory material**.

1996 WL 46874 * 6 (S.D. N.Y. Feb. 6, 1996) (emphasis added).

As in <u>Ferber</u>, Plaintiff does not allege that PeoplesSouth's continued reporting in 2005 differed in any way from its initial reporting in 2003 to the credit reporting agencies. (<u>See</u> Doc. No. 1).[5] Plaintiff has not identified any modification in the later report that distinguishes it from the original issuance. The two-year limitations period for Plaintiff's defamation claim began to run at least in November 2003, when Bryan advised Equifax of the "inaccurate reporting." (Doc. No. 1, ¶¶ 13-14). PeoplesSouth's alleged continued reporting of information to the CRAs in 2005 was not a republication of the allegedly defamatory material and Plaintiff's entire defamation claim is time barred.

_____

[5] In his response to the Motion to Dismiss, Plaintiff states that "a new and distinct cause of action arose in **2004** and 2005 when Plaintiff viewed his credit report." (Doc. No. 16, p. 9) (emphasis added). However, Plaintiff's Complaint does not refer to a 2004 credit report. (<u>See</u> Doc. No. 1). Rather, Plaintiff's Complaint refers only to credit reporting instances in 2003 and 2005. (<u>Id.</u> ¶¶ 13-14, 16). Plaintiff's Amended Complaint, which has not yet been filed, also refers only to instances in 2003 and 2005. (Doc. No. 14, ¶¶ 13-14, 17). Defendant presumes that Plaintiff's reference to a 2004 "cause of action" is a typographical error.

**B.    Plaintiff's Claims For Punitive Damages For Defamation Must Be Dismissed.**

Defendant established in its Motion to Dismiss that, if Bryan's defamation claim is not dismissed, Plaintiff's request for punitive damages under that claim is still due to be dismissed for two reasons: (1) Plaintiff has not complied with the requirements of Alabama Code § 6-5-186[6] and (2) Plaintiff has not sufficiently pled that Defendant made a defamatory statement with malice.  (See Doc. No. 9, pp. 18-19).  In response to this argument, Bryan baldly stated that "Defendant cites no case authority that this section of the [Alabama] statute is applicable to defamation claims **under the FCRA**. Therefore, Plaintiff was not inclined to comply with this section of the Alabama Code." (Doc. No. 16, p. 9) (emphasis added).

Plaintiff is either confused on this issue or his argument is completely disingenuous.  Plaintiff's claims against PeoplesSouth are for violations of § 1681s-2(b) under the FCRA and for a state-law defamation claim.  (See Doc. No. 1, Counts One & Four).    Contrary to Plaintiff's statement, there simply is **no** cause of action for "defamation claims under the FCRA."    Plaintiff himself recognized this when he asserted in his response brief that "Plaintiff's defamation claim is not preempted by the FCRA." (Doc. No. 16, p. 7).[7]

---

[6] Section 6-5-186 states that in order for the plaintiff to recover punitive damages for libel "it shall be proved that the publication was made by the defendant with knowledge that the matter published was false, or with reckless disregard of whether it was false or not."

[7] Federal Courts reviewing similar issues routinely apply Alabama state law to claims for defamation that are brought in addition to plaintiff's FCRA claims.  See Robinson v. Equifax Information Services, LLC., 2005 WL 1712479 at *12- (S.D. Ala. July 22, 2005) (granting defendant's motion for summary judgment).

Plaintiff cannot "have his cake and eat it too." If his defamation claim is not preempted by the FCRA, it is a state law claim governed by Alabama law. As such, if the defamation claim is not preempted, Bryan's claim for punitive damages for defamation must comply with the requirements of Alabama Code § 6-5-186. Plaintiff does not dispute that he has not complied with § 6-5-186. (Doc. No. 16, p. 9) ("Plaintiff was not inclined to comply with this section..."). Therefore, Plaintiff's claims for punitive damages under his defamation claim are due to be dismissed.

**C.    Plaintiff's Section 1681s-2(b) Claim Is Due to Be Dismissed In Whole Or Part.**

**1.    Plaintiff fails to state a valid claim under section 1681s-2(b) of the FCRA against PeoplesSouth.**

Defendant reasserts its arguments that Plaintiff's Complaint does not state a cause of action under 15 U.S.C.A. § 1681i(a)(2).[8] Bryan's Complaint fails to assert that PeoplesSouth received the required notice under 1681i(a)(2) from a CRA to "trigger" its duties under the statute. In his response to the Motion to Dismiss, Plaintiff baldly asserts that his "Complaint clearly alleges that Peoples was placed on notice by Equifax and Trans Union of the disputed account information." (Doc. No. 16, p. 5). However, for support of this allegation, Plaintiff cites paragraphs 14-20 of the Complaint which speak only to communications between Plaintiff and the CRAs, not to PeoplesSouth's notice of the dispute. (Id.). For the reasons stated more fully in Defendant's Motion to Dismiss, Plaintiff's claim under § 1681s-2(b) is due to be dismissed.

---

[8] Plaintiff has moved for leave to amend his Complaint and no defendant objected to that motion. However, to date, Plaintiff's Motion for Leave has not been granted and the Amended Complaint has not been filed.

**2.    Plaintiff's 2003 FCRA Claim Is Barred By The FCRA's Two-Year Statute Of Limitations.**

Plaintiff claims that "adverse information" was reported about him in 2003 and that he advised Equifax of the "inaccurate reporting" in November 2003.  (Doc. No. 1, ¶¶ 13-14).  Plaintiff also states that he again "learned that Defendants were reporting false information about him...on April 4, 2005."  (Id. ¶ 16).

The FCRA includes a two-year limitation period.  The relevant provision contemplates:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

15 U.S.C. § 1681p.

Here, any liability against PeoplesSouth would have arisen when it allegedly failed to investigate the claims in November 2003 and April 2005.  Thus, the limitation period on Bryan's November 2003 claim expired in November 2005.  Because Plaintiff did not file his Complaint until February 23, 2006, his claims from before February 23, 2004 are barred under 15 U.S.C. § 1681p.  See Lowe v. Surpas Resource Corp., 253 F. Supp. 2d 1209, 1254 (D. Kan. 2003) (Liability arose, as required to trigger statute of limitations for FCRA claims when bank, as furnisher of credit information, allegedly failed to investigate claims that debts owed on two credit card accounts held by bank were invalid); Jaramillo v. Experian Information Solutions, Inc., 155 F. Supp. 2d 356,

359 (E.D. Pa. 2001) (plaintiff conceded that, to the extent that information provider "received the [Consumer Dispute Verification Forms] prior to November 17, 1998, two years prior to the date his case was filed, his FCRA claim is barred by the statute of limitations.").

Based on the foregoing, Eads' claims under § 1681s-2(b) are time barred with regard to the November 2003 reporting. With regard to the 2005 reporting, Defendants asks the Court to apply reasoning akin to Alabama's "single publication rule" because Bryan does not allege that PeoplesSouth's continued reporting in 2005 differed in any way from the initial reporting in 2003. Therefore, Plaintiff's § 1681s-2(b) claims are all barred by the FCRA's two-year statute of limitations.

## III. <u>CONCLUSION</u>

For the reasons stated more fully herein, Plaintiff has failed to state a claim for defamation under Alabama law and that claim is barred by Alabama's two-year statute of limitations. Furthermore, Plaintiff's claim for punitive damages for the state law defamation claim is due to be dismissed. Plaintiff's FCRA claim is also due to be dismissed for failure to adequately plead a claim under § 1681s-2(b) and because that claim is barred by the FCRA's two-year statute of limitations. Therefore, PeoplesSouth respectfully requests that all of Bryan's claims against PeoplesSouth be dismissed.

s/ Christian W. Hancock
Gary L. Howard (HOW044)
Ricky J. McKinney (MCK030)
Christian W. Hancock (WAT070)
Jason A. Walters (WAL175)
BURR & FORMAN LLP
3100 Wachovia Tower
420 North Twentieth Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorneys for Defendant PeoplesSouth
Bank

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr.
James D. Patterson
Law Offices of Earl P. Underwood
21 South Section Street
Fairhope, Alabama  36533
epunderwood@alalaw.com
jpatterson@alalaw.com

Jim S. Calton, Jr.
Calton & Calton
226 East Broad Street
Eufaula, Alabama  36027
caltonlaw@eufaula.rr.com

Kary B. Wolfe
Walston Wells & Birchall LLP
One Federal Place, Suite 1100
1819 Fifth Avenue North
Birmingham, Alabama  35203
kwolfe@walstonwells.com

E. Luckett Robinson, II
Hand Arendall LLC
Post Office Box 123
Mobile, Alabama  36601
lrobinson@handarendall.com

Garrett E. Miller
Kilpatrick & Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
gmiller@kilpatrickstockton.com

s/ Christian W. Hancock
Of Counsel