IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| STEVEN BRYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC. and PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY BANK, | ) Case No.: 2:06-CV-00166-SRW |
| | ) |
| Defendants. | ) |

**DEFENDANT PEOPLESSOUTH BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM IN SUPPORT**

s/ Gary L. Howard
Gary L. Howard (HOW044)
Ricky J. McKinney (MCK030)
Christian W. Hancock (WAT070)
Jason A. Walters (WAL175)

BURR & FORMAN LLP
3100 Wachovia Tower
420 North Twentieth Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorneys for Defendant PeoplesSouth Bank

1467320

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i
MOTION TO DISMISS ................................................................................................ 1
MEMORANDUM IN SUPPORT ................................................................................. 2
I. PROCEDURAL HISTORY ...................................................................................... 2
II. STATEMENT OF THE FACTS ............................................................................. 3
III. STATEMENT OF THE LAW ................................................................................ 4
IV. ARGUMENT .......................................................................................................... 4

    A.    Plaintiff's 2003 FCRA Claim Is Barred By The FCRA's Two-Year Statute Of Limitations. .................................................................................................. 4

    B.    Plaintiff's Defamation Claim Is Due To Be Dismissed. ................................... 6

        1.    Plaintiff's defamation claim is preempted by the FCRA ....................... 6

            a.    Under the first theory, § 1681t(b)(1)(F) supercedes § 1681h(e) and all state law claims are preempted. ................. 8

            b.    Under the second theory, a temporal approach, Plaintiff's claims are also preempted. ....................................................... 8

            c.    Under the third theory, the defamation claim is preempted under § 1681h(e) because Plaintiff does not allege that he was defamed maliciously or willfully. ....................................... 10

        2.    Plaintiff fails to state a valid claim for defamation per se under Alabama law. .......................................................................................... 11

            a.    PeoplesSouth's alleged statements were not defamatory per se. ............................................................................................ 11

            b.    Any communications between PeoplesSouth and collection agencies and/or its attorneys cannot be defamation. .............. 12

            c.    Plaintiff's Defamation Claims Are Barred By Alabama's Two-Year Statute Of Limitations. ............................................. 14

    C.    Plaintiff's Claims For Punitive Damages For Defamation Must Be Dismissed. ......................................................................................................... 15

V. CONCLUSION ........................................................................................................ 16

## **MOTION TO DISMISS**

**COMES NOW** defendant, PeoplesSouth Bank ("PeoplesSouth"), by and through its undersigned counsel, and hereby submits its Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and incorporated Memorandum in Support. As grounds therefor, PeoplesSouth states the following:

1. Plaintiff Steven Bryan ("Bryan") asserts only two claims against PeoplesSouth: Count One for violations of 15 U.S.C. § 1681s-2(b) and Count Four for common law defamation. Both of these claims are due to be dismissed.

2. Bryan's claim against PeoplesSouth under § 1681s-2(b) of the FCRA is due to be dismissed because it is barred by the FCRA's two-year statute of limitations.

3. Plaintiff's defamation claim is due to be dismissed for several reasons. First, it is preempted by the FCRA, under any of the three (3) different theories applied by courts.

4. Second, Bryan fails to plead the necessary elements of defamation per se. Bryan fails to state a claim for libel per se because the complaint does not allege that he is a merchant or tradesman or otherwise engaged in an occupation where credit is essential. Harrison v. Burger, 103 So. 842, 842 (Ala. 1925). Furthermore, Plaintiff fails to state a claim for libel per se because the alleged defamatory statement does not concern an indictable offense of infamy or moral turpitude. Anderton v. Gentry, 577 So. 2d 1261 (Ala. 1991).

5. Third, Plaintiff cannot recover for defamation related to PeoplesSouth's communications with collection agencies and/or its attorneys, because these entities are **not** third parties. Robinson v. Equifax Information Services, LLC., 2005 WL 1712479, *13 (S.D. Ala. Jul. 22, 2005)

6.  Finally, Plaintiff's defamation claim is barred by Alabama's two year statute of limitations. ALA. CODE § 6-2-38(k) (1975). Alabama follows the "single publication rule," and Plaintiff admits that the allegedly defamatory statement was first made in 2003. Patterson v. United Companies Lending Corp., 4 F. Supp. 2d 1349, 1356 (M.D. Ala. 1998), aff'd, 178 F.3d 1303 (11th Cir. 1999). (Doc. No., ¶ 14).

7.  Even if Plaintiff has managed to state a claim for defamation, which he has not, he is not entitled to recover punitive damages for said claim under Alabama law. Plaintiff's claim for punitive damages must be dismissed because Bryan did not comply with Alabama Code § 6-5-186 and because he has not sufficiently pled that PeoplesSouth made a defamatory statement with malice. Nelson v. Lapeyrouse Grain Corp., 534 So. 2d 1085, 1095 (Ala. 1988); see also ALA. CODE § 6-5-186 (1975).

8.  PeoplesSouth also relies upon its Memorandum in Support of its Motion to Dismiss, which is incorporated herein.

## MEMORANDUM IN SUPPORT

### I. PROCEDURAL HISTORY

Plaintiff Steven Bryan ("Bryan") filed the present suit against defendants PeoplesSouth, Equifax, and Trans Union, on or about February 23, 2006. (Doc. No. 1). PeoplesSouth filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 27, 2006. (Doc. No. 9). Bryan responded to that motion on April 19, 2006 and Defendant replied on May 8, 2006. (Doc. Nos. 16 & 22). Plaintiff filed his Motion for Leave to Amend the Complaint on April 18, 2006. (Doc. No. 15). That motion was granted by the Court on May 9, 2006 and the Court also denied Defendant's Motion to Dismiss "without prejudice to Defendant PeoplesSouth Bank's ability to raise any of the grounds contained therein in a later motion directed at the First Amended

1462825                                    2

Complaint." (Doc. No. 23). Therefore, Defendant now submits its Motion to Dismiss the First Amended Complaint.[1]

## II. STATEMENT OF THE FACTS

Plaintiff Bryan is or was a customer of PeoplesSouth. Plaintiff's accounts with PeoplesSouth allegedly included accounts numbered 2015484637270*, 2015484637270*, and 25015484372701177. (Doc. No. 14, ¶ 18).[2] Plaintiff's Complaint refers to Plaintiff's bankruptcy and to the discharge of that bankruptcy. (Id. ¶ 19).[3] According to Plaintiff's Complaint, "adverse information contained in the plaintiff's consumer credit report by Equifax stated and implied that plaintiff's Peoples accounts were past due and in collections" in 2003. (Id. ¶ 13). Bryan allegedly informed Equifax of the "inaccurate reporting" of the accounts in November 2003 and he received the reinvestigation results on December 11, 2003 showing that the PeoplesSouth accounts "were updated by Equifax to show their status as included in bankruptcy." (Id. ¶ 14-16).

In April 2005, Bryan alleges that he learned that adverse information contained in the consumer credit reports from defendants Equifax and Trans Union stated that his PeoplesSouth accounts "were reporting past due and in collections and not included in

---

[1] Defendant notes that Plaintiff's proposed First Amended Complaint was filed on April 17, 2006 and Plaintiff subsequently filed his Motion for Leave to Amend the Complaint on April 18, 2006. (Doc. Nos. 14 & 15). Although the Court has granted the Motion to Amend, Bryan has not refiled his First Amended Complaint. Out of an abundance of caution, Defendant submits the present motion within ten (10) days of the Court's May 9, 2006 Order. (Doc. No. 23).

[2] PeoplesSouth's records do not reflect the account numbers listed in the Complaint. However, for the purposes of this Motion to Dismiss, the allegations in the Complaint are accepted as true.

[3] Court records indicate that Bryan entered into Chapter 7 bankruptcy on or about February 26, 2002 and his PeoplesSouth accounts were discharged as part of that bankruptcy on or about June 13, 2002.

1462825                                    3

bankruptcy." (Doc. No. 14, ¶ 18). Plaintiff states that he sent complaint letters to defendants Equifax and Trans Union disputing the allegedly inaccurate account information and that, although reinvestigations were conducted, the accounts were still being reported as past due and in collections in June 2005. (Id. ¶ 19-25).

### III. STATEMENT OF THE LAW

A Rule 12(b)(6) motion questions the legal sufficiency of a complaint. In assessing the merits of Rule 12(b)(6) motion, the Court must assume that all the factual allegations set forth in the complaint are true. See, e.g. United States v. Gaubert, 499 U.S. 315, 327, 111 S. Ct. 1267 (1991). Dismissal should be granted pursuant to Rule 12(b)(6) if a complaint lacks an allegation regarding an element necessary to obtain relief. See Pyles v. United Air Lines, Inc., 79 F.3d 1046, 1049 (11th Cir. 1996); Riley v. General Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1318 (S.D. Ala. 2002).

### IV. ARGUMENT

Plaintiff asserts only two claims against PeoplesSouth: Count One for violations of 15 U.S.C. § 1681s-2(b) and Count Four for common law defamation. As shown herein, each claim is due to be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

#### A. Plaintiff's 2003 FCRA Claim Is Barred By The FCRA's Two-Year Statute Of Limitations.

Plaintiff claims that "adverse information" was reported about him in 2003 and that he advised Equifax of the "inaccurate reporting" in November 2003. (Doc. No. 14, ¶¶ 13-14). Plaintiff also states that he again "learned that Defendants were reporting false information about him...on April 4, 2005." (Id. ¶ 17).

The FCRA includes a two-year limitation period. The relevant provision contemplates:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

15 U.S.C. § 1681p.

Here, any liability against PeoplesSouth would have arisen when it allegedly failed to investigate the claims in November 2003 and April 2005. Thus, the limitation period on Bryan's November 2003 claim expired in November 2005. Because Plaintiff did not file his Complaint until February 23, 2006, his claims from before February 23, 2004 are barred under 15 U.S.C. § 1681p. See Lowe v. Surpas Resource Corp., 253 F. Supp. 2d 1209, 1254 (D. Kan. 2003) (Liability arose, as required to trigger statute of limitations for FCRA claims when bank, as furnisher of credit information, allegedly failed to investigate claims that debts owed on two credit card accounts held by bank were invalid); Jaramillo v. Experian Information Solutions, Inc., 155 F. Supp. 2d 356, 359 (E.D. Pa. 2001) (plaintiff conceded that, to the extent that information provider "received the [Consumer Dispute Verification Forms] prior to November 17, 1998, two years prior to the date his case was filed, his FCRA claim is barred by the statute of limitations.").

Based on the foregoing, Bryan's claims under § 1681s-2(b) are time-barred with regard to the November 2003 reporting. With regard to the 2005 reporting, Defendant asks the Court to apply reasoning akin to Alabama's "single publication rule" because Bryan does not allege that PeoplesSouth's alleged continued reporting in 2005 differed in any way from the initial reporting in 2003. (See infra, pp. 13-15). Therefore, Plaintiff's § 1681s-2(b) claims are all barred by the FCRA's two-year statute of limitations.

### B. Plaintiff's Defamation Claim Is Due To Be Dismissed.

Count Four of the Complaint vaguely pleads a claim for defamation against all defendants. (Doc. No. 14, ¶¶ 96-102). For the reasons shown more fully herein, Plaintiff's defamation claim is due to be dismissed against PeoplesSouth for two separate and independent reasons: (1) it is preempted by the FCRA and (2) it does not state a claim for defamation under Alabama common law.

#### 1. Plaintiff's defamation claim is preempted by the FCRA.

Defendant shows herein that the FCRA preempts plaintiff's state law claims that relate to PeoplesSouth's responsibilities as a furnisher of information to consumer credit reporting agencies ("CRAs"). Two subsections of the FCRA are relevant to this argument. First, the older subsection, § 1681h(e), provides furnishers of credit information with qualified immunity:

> Except as provided in sections 1681n and 1681o, **no consumer may bring any action or proceeding in the nature of defamation,** invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, **or any person who furnishes information to a consumer reporting agency,** based on information disclosed pursuant to section 1681g, 1681h, or 1681m, or based on information disclosed by a user of a consumer report to or for a consumer against who the user has taken adverse action, based in whole or in part on the report **except as to false**

> **information furnished with malice or willful intent to injure such consumer.**

15 U.S.C. § 1681h(e) (emphasis added).

The second, the newer subsection 15 U.S.C. § 1681t(b)(1)(F), provides furnishers of credit with absolute immunity from state law claims when fulfilling their reporting obligations under § 1681s-2:

> No requirement or prohibition may be imposed **under the law of any State-**
>
> (1) with respect to any subject matter regulated here under
>
> * * *
>
> (F) section 1681s-2 of this title, **relating to the responsibilities of persons who furnish information to consumer reporting agencies**, except that this paragraph shall not apply--[to two statutory provisions of California and Massachusetts]

15 U.S.C. § 1681t (emphasis added).[4]

The overlap of the newer § 1681t(b)(1)(F) and the older § 1681h(e) has been called "cumbersome" and "has resulted in disagreement among courts about how best to harmonize the two in application." Woltersdorf v. Pentagon Federal Credit Union, 320 F. Supp. 2d 1222, 1224 (N.D. Ala. 2004) (citing Riley v. Gen. Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1324 (S.D. Ala. 2002)). The Eleventh Circuit has yet to issue an opinion addressing the issue of how best to harmonize the two sections. The district courts that have addressed this issue have reached three (3) differing results. Defendant addresses each of the three (3) theories that have arisen and shows herein that, no matter which is applied, Bryan's defamation claim is preempted.

---

[4] Section 1681t(b)(1)(F) was added to the FCRA by Congress in a 1996 amendment. That amendment made no mention whatsoever of the earlier § 1681h(e) language.

### a. Under the first theory, § 1681t(b)(1)(F) supercedes § 1681h(e) and all state law claims are preempted.

When considering the interplay of the FCRA's two clauses, several courts have concluded that the newer language of § 1681t(b)(1)(F) supercedes the older § 1681h(e) altogether. Purcell v. Universal Bank, N.A., 2003 WL 1962376, *5 (E.D. Pa. Apr. 28, 2003); Hasvold v. First U.S.A. Bank, N.A., 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002); Jaramillo, 155 F. Supp. 2d at 361-62; Carney v. Experian Info. Solutions, Inc., 57 F. Supp. 2d 496, 503 (W.D. Tenn. 1999). The express language of this subsection clearly provides that state law claims involving the subject matter of 1681s-2—the duties and responsibilities of furnishers of information to CRAs—are preempted by the FCRA.

To the extent that Plaintiff's defamation claim is based on PeoplesSouth's furnishing of information to CRAs, it is preempted by the FCRA and should be dismissed.[5] See Hasvold, 194 F. Supp. 2d at 1239 (dismissing action for failure to state a claim for libel and other state law claims because "the FCRA preempts plaintiff's claims against the defendant relating to it as a furnisher of information [to CRA]"). Therefore, under this first theory, Plaintiff's defamation claim is preempted by § 1681t(b)(1)(F).

### b. Under the second theory, a temporal approach, Plaintiff's claims are also preempted.

A second approach used by courts to harmonize the two (2) preemption provisions uses a temporal formula. See Riley, 226 F. Supp. 2d at 1324. Relying on the plain language of the statute, these courts hold that state law tort claims are

---

[5] To the extent that Plaintiff's defamation claim is based on PeoplesSouth's communications with attorneys and collection agencies, those claims are due to be dismissed under Alabama law because those entities are not third parties. See infra pp. 12-13.

...

preempted by the newer § 1681t(b)(1)(F) if they involve conduct by the furnisher of credit information **after** that furnisher was made aware that the information was false or disputed by a CRA:

> [T]o the extent that [Defendant] furnished inaccurate information **after** receiving notice of the [Plaintiff's] dispute...[Defendant's] conduct in this case falls squarely within § 1681s-2(a)(1)(B) and, therefore, it is 'subject matter regulated under ⋯ section 1681s2 of this title.' Accordingly, any state law defamation claim predicated on [Defendant] furnishing inaccurate information to a consumer reporting agency **after** [Defendant] received notice of the [Plaintiff's] dispute is completely preempted by § 1681t(b)(1)(F).

Id. (emphasis in original); see also Aklagi v. NationsCredit Fin. Serv. Corp., 196 F. Supp. 2d 1186, 1194-95 (D. Kan. 2002); Vazquez-Garcia v. Trans Union De Puerto Rico, 222 F. Supp. 2d 150, 162-63 (D. P.R. 2002).

Here, Plaintiff's defamation claim relates solely to PeoplesSouth's alleged furnishing of information to CRAs, collection agencies, and attorneys after "Plaintiff notified them numerous times that the account was being reported inaccurately." (Doc. No. 14, ¶ 99). Furthermore, Plaintiff claims that PeoplesSouth was notified of his complaints in 2003 and that his defamation claim relates to publications "between at least 2004 and the present." (Id. ¶¶ 14-15, 97). Because Plaintiff's claims regarding CRAs[6] fall "squarely within § 1681s-2(a)(1)(B) and, therefore, it is 'subject matter regulated under...section 1681s2", they are "completely preempted by § 1681t(b)(1)(F)." Riley, 226 F. Supp. 2d at 1324.

---

[6] See supra note 4.

> c. **Under the third theory, the defamation claim is preempted under § 1681h(e) because Plaintiff does not allege that he was defamed maliciously or willfully.**

"A third group of district-court decisions are based upon construction of the subject statutory provisions." McCloud v. Homeside Lending, 309 F. Supp. 2d 1335, 1341 (N.D. Ala. 2004).[7] The court in McCloud noted that:

> § 1681h(e) is deemed...as applying to any state-law causes of action that may be classified as 'torts'. Contrastingly, § 1681t(b)(1)(F) appears to deal only with state statutory regulation of credit reporting...[as] evidenced by the fact that the two state statutory schemes specifically excluded from the ambit of § 1681t(b)(1)(F)...address inaccurate or incomplete information in a credit report. Thus, under the third approach, **§ 1681h(e) applies only to torts, while § 1681t(b)(1)(F) applies only to state statutory regulation of credit reporting practices and procedures.**

Id. (emphasis added).

Under § 1681h(e), any action or proceeding "in the nature of **defamation**, invasion of privacy, or negligence" is preempted, unless the "**false information [was] furnished with malice or willful intent to injure [the] consumer**." 15 U.S.C. § 1681h(e) (emphasis supplied). Although Bryan's claim for defamation does contain statements regarding PeoplesSouth's alleged "malice", the allegedly malicious acts described are not in the nature of defamation. The allegations that "Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not his" and "Defendant Peoples acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes" do not relate to defamation in any way. (Doc. No. 14, ¶ 102). Although Plaintiff loosely uses the term "malice", Bryan does not state that

---

[7] Citing Jeffery v. Trans Union, LLC, 273 F. Supp. 2d 725 (E.D. Va. 2003); Carlson v. Trans Union, LLC, 259 F. Supp. 2d 517 (N.D. Tex. 2003).

PeoplesSouth knowingly furnished false information with malice or willful intent to injure him, which is the essence of the claim for defamation. (See id. ¶ 103)(Complaint only states that "Defendants have defamed the Plaintiff by publishing misleading and/or inaccurate information to third parties regarding his creditworthiness."). Because Bryan's claim for defamation fails to assert that PeoplesSouth defamed him with malice or willful intent to injure, that claim is preempted by § 1681h(e).

For the reasons stated more fully above, no matter which of the three (3) differing interpretations of § 1681t(b)(1)(F) and § 1681h(e) that the Court chooses to apply, Count Four of Plaintiff's Complaint for defamation is preempted by the FCRA. Therefore, the defamation claim is due to be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for this separate and independent reason.

### 2. Plaintiff fails to state a valid claim for defamation per se under Alabama law.

Plaintiff asserts a claim for libel per se and defamation per se against PeoplesSouth. (Doc. No. 14, ¶ 101).[8] Bryan fails to state a claim under Alabama law because PeoplesSouth's alleged statements were not defamatory per se. Defendant shows herein that Plaintiff fails to properly plead libel or slander per se.

#### a. PeoplesSouth's alleged statements were not defamatory per se.

Bryan does not and cannot adequately plead a claim of defamation per se in this case. With regard to libel per se, Alabama law holds that "'words charging nonpayment

---

[8] In an abundance of caution, PeoplesSouth addressed Plaintiff's claims under the standard for defamation per quod in its original Motion to Dismiss. (Doc. No. 9, pp. 15-18). Plaintiff failed to address either the defamation per se or defamation per quod arguments in his response brief to that motion. (Doc. No. 16). For the sake of brevity, Defendant incorporates by reference as if fully set forth herein its arguments regarding defamation per quod from its original Motion to Dismiss. (Doc. No. 9, pp. 15-18).

1462825                                11

of debts...are actionable without special damage being shown, when they refer to merchants, tradesmen, or others in occupations where credit is essential.'" Liberty Loan Corp. of Gadsden v. Mizell, 410 So. 2d 45, 49, (Ala., 1982) (quoting Harrison v. Burger, 212 Ala. 670, 672, 103 So. 842 (1925)). (See Doc. No. 9, pp. 13-14). However, Plaintiff's Complaint does not assert that Bryan is a merchant, tradesman, or is in any other occupation where "credit is essential." (See Doc. No. 14). As in Harrison, supra, Bryan "was not so engaged, so far as any count in the complaint discloses." 103 So. at 844. As a result, "the words alleged to have been written of plaintiff, under the circumstances herein disclosed, were not libelous per se." Id.

As with his meritless claim for libel per se, Plaintiff cannot support a claim for slander per se. Under Alabama law, slander per se is only actionable "if it imputes to the plaintiff an indictable offense involving infamy or moral turpitude." Anderton v. Gentry, 577 So. 2d 1261 (Ala. 1991); Shook v. St. Bede School, 74 F. Supp. 2d 1172, 1180 (M.D. Ala. 1999); Chalal v. Northwest Med. Ctr., Inc., 147 F. Supp. 2d 1160, 1180 (N.D. Ala. 2000). Nowhere in the Complaint does Bryan allege that PeoplesSouth accused him of criminal conduct, particularly not conduct involving infamy or moral turpitude. (See Doc. No. 14). As a result, Plaintiff fails to state a claim for slander per se. Therefore, for the foregoing reasons, Count Four of the Plaintiff's Complaint for defamation is due to be dismissed in its entirety as to PeoplesSouth.

   **b. Any communications between PeoplesSouth and collection agencies and/or its attorneys cannot be defamation.**

One of the essential elements of a cause of action for defamation is an unprivileged communication of a false and defamatory statement "to a third party." McCaig v. Talladega Publ'g Co., 544 So. 2d 875, 877 (Ala. 1989). Plaintiff claims that

"Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that Plaintiff was delinquent in paying on his account and it was placed in collections." (Doc. No. 14, ¶ 97). These "credit reporting agencies, collection agencies, and attorneys" are the "third parties" to which Plaintiff claims he was defamed. (Id. ¶ 103). However, to the extent any communication were made by PeoplesSouth to collection agencies and/or its attorneys, those communications cannot be defamation under Alabama law because these entities are **not** third parties.

This exact issue was recently addressed by the Southern District of Alabama in Robinson v. Equifax Information Services, LLC., where the court agreed with the defendant's position that "even if Robinson's allegations are accepted as true, collection agencies and attorneys were the only entities she alleges were told of the delinquent account. Providing information to one's employees or agents in the course of business is not 'publication' to third parties for purposes of establishing a defamation claim." 2005 WL 1712479, *13 (S.D. Ala. Jul. 22, 2005) (granting defendant's motion for summary judgment); see also Brackin v. Trimmier Law Firm, 897 So. 2d 207, 222 (Ala. 2004) ("if there is no publication to a third party, there can be no defamation and there is no need to consider malice, privilege, or any of the other elements of defamation.").

Here, as in Robinson, there can be no defamation regarding any communications between PeoplesSouth and collection agencies and/or its attorneys because such persons or entities would be PeoplesSouth's employees or agents, not third parties. Therefore, Plaintiff's defamation claim is due to be dismissed to the extent that it involves PeoplesSouth's communications with collection agencies and/or its attorneys.

### c. Plaintiff's Defamation Claims Are Barred By Alabama's Two-Year Statute Of Limitations.

Plaintiff's defamation claim is also due to be dismissed because it is barred by Alabama's statute of limitations. The limitations period for defamation claims is two years and begins to run "'when the allegedly defamatory matter is 'published.'" ALA. CODE § 6-2-38(k) (1975); Akin v. Time, Inc., 250 F. Supp. 306, 307 (N.D. Ala. 1966). Defendant asks the Court to apply Alabama's "single publication" rule, as stated in Age-Herald Publ'g Co. v. Huddleston, 207 Ala. 40, 92 So. 193 (1921).[9] Other federal courts have applied state law "single publication rules" in situations involving defamation claims against an information provider, such as PeoplesSouth. For example, in Ferber v. Citicorp Mortg., Inc., the Southern District of New York applied New York's single publication rule and found that "CMI's alleged 'continued reporting' was not a republication giving rise to a new cause of action". Specifically, the Court found that,

> Publication of CMI's report to the credit agencies allegedly first took place in October 1992. Accordingly, October 1992 is when the statute of limitations began to run. Plaintiffs cannot resurrect a time-barred claim by contending that the publication continued for seven months. Nor have they produced support for the argument that the continued reporting constitutes a republication of the allegedly defamatory material. **Plaintiffs do not allege that CMI's continued reporting differed in any way** from the reports issued in October 1992 to the credit agencies. No alleged modification contained in the reports issued after April 26, 1993 distinguish them from those already issued to their intended audience. In short, we find that **CMI's alleged continued reporting regarding plaintiffs' delinquency on the Loans and the commencement of foreclosure**

---

[9] The exception enunciated in Age-Herald Publ'g Co. applies to situations where subsequent acts of defamation are verbatim republications of previously made libelous or slanderous statements. 207 Ala. at 44, 92 So. at 197. Here, Plaintiff's Complaint indicates that PeoplesSouth never conducted a reinvestigation and, therefore, continued to provide the exact same information to Equifax and Trans Union. (Doc. No. 14, ¶¶ 23, 61, 63, 99).

1462825

14

> **proceedings was not a republication of the allegedly defamatory material**.

1996 WL 46874 * 6 (S.D. N.Y. Feb. 6, 1996) (emphasis added).

As in <u>Ferber</u>, Plaintiff does not allege that PeoplesSouth's continued reporting in 2005 differed in any way from its initial reporting in 2003 to the credit reporting agencies. (<u>See</u> Doc. No. 14). Plaintiff has not identified any modification in the later report that distinguishes it from the original issuance. The two-year limitations period for Plaintiff's defamation claim began to run at least in November 2003, when Bryan advised Equifax of the "inaccurate reporting." (<u>Id.</u>, ¶¶ 13-14). PeoplesSouth's alleged continued reporting of information to the CRAs in 2005 was not a republication of the allegedly defamatory material and Plaintiff's entire defamation claim is time-barred. <u>See Age-Herald Publ'g Co.</u>, 92 So. at 197 ("the law is well settled that the repetition or republication of the identical libel is not a new cause of action for which a separate suit may be maintained.").

### C. <u>Plaintiff's Claims For Punitive Damages For Defamation Must Be Dismissed.</u>

Even if the Court does not dismiss Bryan's defamation claim, Plaintiff's request for punitive damages under this claim is still due to be dismissed under Alabama law for two separate and independent reasons. First, Plaintiff fails to state a claim for punitive damages under his libel claim because he did not comply with Alabama Code § 6-5-186. Under Alabama law, a plaintiff cannot recover punitive damages for libel unless he can prove that he made a demand for public retraction before filing suit:

> Vindictive or punitive damages shall not be recovered in any action for libel on account of any publication unless ... it shall be proved that five days before the commencement of the action the plaintiff shall have made written demand upon the defendant for a public retraction of the charge or matter

> published; and the defendant shall have failed or refused to publish within five days, in as prominent and public a place or manner as the charge or matter published occupied, a full and fair retraction of such charge or matter.

ALA. CODE § 6-5-186 (1975).

Plaintiff's Amended Complaint contains no indication that he complied with the requirements of this statute. (See Doc. No. 14). As a result, Plaintiff is precluded from recovering punitive damages for his libel claim. Accordingly, the Court should dismiss this portion of Plaintiff's claim for punitive damages.

Second, Plaintiff fails to state a claim for punitive damages because he has not sufficiently pled that PeoplesSouth made a defamatory statement with malice. It has long been the rule under Alabama law that "[t]o recover punitive damages in defamation cases, a plaintiff must show that the declarant communicated the defamatory statement with malice." Nelson v. Lapeyrouse Grain Corp., 534 So. 2d 1085, 1095 (Ala. 1988); see also ALA. CODE § 6-5-186 (1975). As explained above, Bryan failed to allege that PeoplesSouth defamed him with malice. Although the term is used loosely in reference to PeoplesSouth's alleged attempt to coerce Plaintiff into paying his debt, Plaintiff does not state that PeoplesSouth knowingly furnished false information with malice or willful intent to injure him. Because Plaintiff does not allege that the purported defamation was malicious, Plaintiff fails to state a claim that would entitle him to recover punitive damages.

## V. CONCLUSION

As stated more fully herein, Bryan's claim against PeoplesSouth under § 1681s-2(b) of the FCRA is due to be dismissed because that claim is barred by the FCRA's two-year statute of limitations. Furthermore, Plaintiff's defamation claim is due to be

1462825

dismissed for a multitude of reasons: (1) it is preempted by § 1681h(e) of the FCRA; (2) it is barred by Alabama's two year statute of limitations; and (3) Bryan failed to plead the necessary elements of defamation per se. Finally, even if Plaintiff has managed to state a claim for defamation, which he has not, he is not entitled to recover punitive damages for said claim under Alabama law. For each of the foregoing reasons, PeoplesSouth respectfully requests that Plaintiff's claims against it be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

    Respectfully submitted this 23rd day of May, 2006.

## CERTIFICATE OF SERVICE

  I hereby certify that on May 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr.
James D. Patterson
Law Offices of Earl P. Underwood
21 South Section Street
Fairhope, Alabama 36533
epunderwood@alalaw.com
jpatterson@alalaw.com

Jim S. Calton, Jr.
Calton & Calton
226 East Broad Street
Eufaula, Alabama 36027
caltonlaw@eufaula.rr.com

Kary B. Wolfe
Walston Wells & Birchall LLP
One Federal Place, Suite 1100
1819 Fifth Avenue North
Birmingham, Alabama 35203
kwolfe@walstonwells.com

E. Luckett Robinson, II
Hand Arendall LLC
Post Office Box 123
Mobile, Alabama 36601
lrobinson@handarendall.com

Garrett E. Miller
Kilpatrick & Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
gmiller@kilpatrickstockton.com


s/ Gary L. Howard
Of Counsel