IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| STEVEN BRYAN, | ) | |
| **Plaintiff,** | ) | |
| VS. | ) | CASE NO: 2:06-CV-00166-SRW |
| EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC. and PEOPLESSOUTH BANK f/k/a PEOPLES COMMUNITY BANK | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| **Defendants.** | | |

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

This memorandum is submitted in opposition to PeopleSouth's (hereinafter "Peoples")

Motion to Dismiss Plaintiff's Amended Complaint. Defendants have filed a motion to dismiss all

of the Plaintiff's claims on the basis that the Plaintiff's claims are due to be dismissed because

they are barred by the two-year statute of limitations, and Plaintiff's defamation and negligence

claims are preempted by either 15 U.S.C. § 1681t(b)(1)(F)(hereinafter "§ 1681t") or 15 U.S.C. §

1681h(e) (hereinafter "§ 1681h(e)") of the Fair Credit Reporting Act (hereinafter "FCRA").

However, § 1681t does not preempt state common law claims such as defamation and negligence

but instead only applies to any state legislation regarding the same subject matter of § 1681s-2 of

the FCRA, such as state statutory schemes similar to the federal FCRA. Further, § 1681h(e)

specifically allows claims such as defamation and negligence, so long as it is alleged that the

defamations and negligent actions were committed with malice or willful intent to injure. The

Plaintiff's Complaint clearly alleges that Defendants' actions were committed willfully and/or

maliciously. For these reasons, Defendants' Motion fails to establish that the plaintiff's claims

are preempted by the FCRA and thus should be denied.

## RELEVANT FACTS

Plaintiff brought suit against Peoples alleging Peoples and other defendants to the litigation were negligent in their investigation of Plaintiff's disputes regarding his credit reports and that specifically, Peoples violated section 1681s-2(b) of the Fair Credit Reporting Act (FCRA). See Plaintiff's Amended Complaint (Doc. 15). The Plaintiff also alleged that the Defendant maliciously defamed him by knowingly and repeatedly publishing the fraudulent information with regards to the Peoples account despite their actual knowledge of the fraudulent nature of the account. The Defendant's repeated publications of the account to third parties caused irreparable financial and emotional harm to the Plaintiff.

## ARGUMENT

### I.    LEGAL STANDARD.

On a motion to dismiss for failure to state a claim, the claim will be dismissed only if it appears *beyond doubt* that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief. Colney v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); see also Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). (emphasis added) The court in its evaluation of a motion to dismiss must accept that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleadings in the light most favorable to the non-moving party. Cruz v. Beto, 405 U.S. 319, 31 L. Ed. 2d 263, 92 S. Ct. 1079 (1972); Hunnings v. Texaco, Inc., 29 F. 3d 1480, 1483 (11th Cir. 1994). To grant a Rule 12(b)(6) motion, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be provided in support of the claim. Martin v. Phillips, 514 So.2d 338, 340 (Miss. 1987). A motion to dismiss for failure to state a claim merely tests the

sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).

Here, Defendants have failed to satisfy their burden. The FCRA does not preempt Plaintiff's state law claims and in fact specifically provides for common law claims which were committed either with willful intent or with malice. See 15 U.S.C. § 1681h(e). Plaintiff alleges and will prove at trial that Defendants acted either willfully or at the very least with malice as that term is defined in the defamation context. However, to survive Defendant's Motion to Dismiss, Plaintiff is merely required to have properly alleged that the Defendant defamed Plaintiff either willfully or with malice. Plaintiff did allege that Defendants willfully and/or maliciously defamed him. See Amended Complaint at ¶ 52, 56 102, and sic [104]. For these reasons, Defendant's Motion to Dismiss fails.

## II.    PLAINTIFF'S FCRA CLAIM IS NOT BARRED BY THE STATUE OF LIMITATIONS UNDER 15 U.S.C. § 1681p.

Defendant argues that Plaintiff's claims are due to be dismissed based on the two-year statute of limitations under 15 U.S.C. § 1681p. Defendant has misconstrued the facts presented by Plaintiff in his amended complaint to confound the court in its analysis that the statute of limitations has run on Plaintiff's claim.

Inaccurate information was reported about the Plaintiff on his Equifax credit report and he advised Equifax of the inaccurate reporting in November 2003. (Doc. No. 14, ¶¶ 13-14). Equifax informed Plaintiff in December 2003 that an investigation was performed and the Peoples accounts were now reporting included in bankruptcy. (Doc No. 14, ¶ 16). In 2005, the Plaintiff discovered that the information was once again reporting inaccurately and initiated

several more investigations with all three of the credit reporting agencies concerning the reporting. (Doc. No. 14, ¶¶ 17-26). After Plaintiff placed the defendant on notice, the accounts continued to report inaccurately and even in collections (Doc. No. 14, ¶ 26).

During the reporting and reinvestigation of the Peoples accounts in 2003, there was no violation of the FCRA by Defendant Peoples. The FCRA states that the furnisher has a duty to perform an investigation and to report the results to the credit reporting agency.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).

Essentially, the furnisher has a "free bite of the apple" to correct the inaccurate information prior to the Plaintiff filing a lawsuit if the information is indeed inaccurate. A violation of the FCRA does not arise against a furnisher of information if when first placed on notice of the adverse information, the furnisher complies with 1681s-2(b) and corrects the inaccurate information.[1]

The Plaintiff does not claim that a violation of the FCRA took place in November 2003. On the contrary, it appears Peoples performed a proper investigation in November 2003, as the false reporting was corrected and the information was reported once again as included in bankruptcy. (Doc. No. 14, ¶ 16)  Defendant cites Lowe v. Surpas Resource Corp., 253 F. Supp. 2d 1209, 1254 (D. Kan. 2003) and Jaramillo v. Experian Information Services 155 F. Supp. 2d 356, 359 (E.D. Pa. 2001) to defend its position that the statute of limitations has run in this matter. Neither one of these cases apply to the current set of facts before the court. Defendant, in its citation of Lowe states, "Liability arose, as required to trigger statute of limitations for FCRA claims when bank, as furnisher of credit information, **allegedly failed to investigate claims** that debts owed on two credit car accounts held by bank were invalid." Lowe 253 F. Supp. 2d 1209, 1254. (Emphasis added)  Both cases state that the two-year statute of limitations has run **after** a furnisher allegedly failed to reinvestigate inaccurate information of the Plaintiff. (emphasis supplied).

Even if the Defendant was able to convince the court that the Defendant violated 1681s-

---

[1] Court granted summary judgment to bank on consumer's claims of alleged violations under Fair Credit Reporting Act, 15 USC § 1681 et seq., because consumer did not set forth any claims under 15 USC § 1681s-2(b) against bank as bank complied with its statutory duty to conduct investigation with respect to disputed information after receiving notice from consumer reporting agency. Caltabiano v BSB Bank & Trust Co. (2005, ED NY) 387 F. Supp. 2d 135.

2(b) in 2003, courts have found that the statute of limitations begins to run each time a credit agency issues an inaccurate consumer report.  In <u>Hyde v. Hibernia Nat. Bank in Jefferson Parish</u>, 861 F.2d 446 (5th Cir. 1988), the court held that 'the limitations period for a suit asserting negligence [under the FCRA] commences when a report issued to a user causes injury to the consumer for whose protection the Act was adopted and that the limitations period for a suit asserting intentional violation of the Act begins at the same time or, if the consumer is not aware of the issuance of the report, when the consumer later discovers it" <u>Id</u>. at 446.

Therefore, each time a consumer report is issued, a separate and distinct injury is sustained by the Plaintiff if a violation of the FCRA occurs based on that particular credit report. The statute of limitations begins to run anew for each potential harm.  <u>Whitesides,</u> 125 F. Supp. 2d at 870.  If the investigation initiated by the Plaintiff in 2003 had resulted in People's failure to correct Plaintiff's Equifax credit report, and Plaintiff was denied credit based on that inaccurate information, the statute of limitations would have run from that time.   Additionally, the new credit report issued by the credit reporting agencies in 2005, and Plaintiff's subsequent investigation and denials, would be a separate cause of action and thus the statute of limitations would began in 2005.

It is true that Plaintiff advised Equifax of the inaccurate reporting in 2003, however, the FCRA was not violated at that time because the inaccurate reporting of the accounts were corrected.  The FCRA violation occurred in 2005 when Peoples once again reported the accounts not included in bankruptcy and failed to properly perform a reinvestigation upon the request of the Plaintiff.  Therefore, since the violation of the FCRA by People's did not occur until 2005, the statute of limitations would not have begun until then.  Plaintiff's claim is valid because the statute of limitations for his claim has yet to expire.

III.    **THE COURT SHOULD DENY PEOPLE'S MOTION TO DISMISS BECAUSE THE FCRA DOES NOT PREEMPT PLAINTIFF'S STATE STATUTORY OR COMMON LAW CLAIM.**

In general, there is a presumption against preemption of state law by federal statute. See Medtronic, Inc. v. Lohr, 518 U.S. 470, 495 (1996); Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516 (1992). Defendant's argue that Plaintiff's common law claims are preempted by 15 U.S.C. § 1681t if Defendant knowingly defamed Plaintiff or by 15 U.S.C. § 1681h(e) if Defendant defamed Plaintiff without knowledge that the publications were erroneous. Three lines of cases have developed regarding the interpretation of § 1681t. Defendant's Memorandum provides very little to the Court in explanation of the three interpretations of § 1681t preemption or how § 1681t and § 1681h(e) relate to each other. With this in mind, the Plaintiff has provided below a brief summary of each interpretation of § 1681t preemption and why the Court should adopt the interpretation of § 1681t that only preempts state statutory claims and does not preempt common law claims.

A.    **The first interpretation of § 1681t preemption - i.e. Jaramillo's Complete Preemption - was previously abandoned by the Court who first adopted it.**

The first line of cases, which interpret § 1681t as preempting all state law claims, was abandoned almost as soon as it began. This interpretation began with the ruling in Jaramillo v. Experian Info. Solutions, 155 F. Supp. 2d 356 (E.D. Pa. 2001), which originally held that § 1681t eliminated all state law claims against furnishers of information. However, the Jaramillo Court, upon reconsideration, withdrew its original opinion and reinstated Jaramillo's state law claims against Experian, thereby abandoning the line of cases which the Jaramillo Court itself began. See Jaramillo v. Experian Info. Solutions II, 2001 U.S. Dist. LEXIS 10221 (E.D. Pa. June 20, 2001). Further, while a few courts have since adopted Jaramillo's initial (but now withdrawn)

holding, such as <u>Riley v. General Motors Acceptance Corporation</u>, 226 F. Supp. 2d 1316, (S.D. Ala. 2002), the vast majority of Courts who have considered this issue have rejected Jaramillo's total preemption interpretation of § 1681t. See, e.g., <u>Carlson v. Trans Union</u>, 259 F.Supp. 2d 17 (N.D. Tex. 2003); <u>Jeffrey v. Trans Union</u>, 2003 WL 21738588; <u>Gordon v. Greenpoint Credit</u>, 266 F. Supp. 2d 1007 (S.D. Iowa 2003); <u>Dornhecker v. Ameritech Corp</u>, 99 F. Supp. 2d 918 (N.D. Ill. 2000); <u>Sehl v. Safari Motor Coaches, Inc.</u>, 2001 U.S. Dist. Lex's 12638 (N.D. Cal. 2001); <u>Yutesler v. Sears Roebuck & Co</u>, 2003 WL 21147607 (D. Minn. 2003); <u>Aklagi v. Nationscredit Financial</u>, 196 F. Supp. 2d 1186 (D. Kan. 2002); <u>Stafford v. Cross Country Bank</u>, 262 F. Supp. 2nd 776 (W.D. Ky 2003); <u>Vasquez-Garcia v. Trans Union de Puerto Rico</u>, 222 F. Supp. 2d 150 (D. P.R. 2002); and <u>Woltersdorf v. Pentagon Federal Credit Union</u>, 320 F.Supp.2d 1222 (N.D. Ala. 2004).

To interpret § 1681t as giving furnishers complete preemption from all state statutory and common law claims would in effect repeal § 1681h(e). When deciding not to adopt the Jaramillo "complete preemption" interpretation of § 1681t, the <u>Woltersdorf</u> court explained as follows:

> "The courts that have found complete preemption of state law claims have done so by concluding that the 1996 amendment to the FCRA superceded the liability limitation provisions that already existed in the statute at § 1681h(e) .... However, nothing in the 1996 amendment compels such a conclusion. And to imply Congress's intent to repeal a previously existing provision in the statute without a clear statement in the amendment to that effect is an unwieldy act of legislation that this court ought not and will not undertake. ... For this court to adopt the defendant's position that passage of the 1996 amendment to the FCRA implicitly superceded (without explicitly repealing) § 1681h(e) it would have to do precisely what the United States Supreme Court has instructed not be done: to cause § 1681h(e) to become nothing more than superfluous to the statute."

Woltersdorf, 320 F.Supp. 2d at 1225-1226. (emphasis added).

Further, such an interpretation would take away any recourse for many consumers such

as the Plaintiff who are not well versed in the intricacies of the FCRA, as few consumers are. When a consumer learns that a company is publishing erroneous information for inclusion on his credit report, the logical first reaction is to dispute the error with the source of the erroneous information, i.e. the furnisher. Unless the consumer has read the FCRA, the consumer has no clue that his only claim under the FCRA against a furnisher does not arise until a dispute is made not to the furnisher but to the credit bureau. Disputing to the credit bureaus rather than the company publishing the false information is simply counterintuitive and does not occur to many consumers.

If the "complete preemption" interpretation of § 1681t is adopted, any consumer that did what was intuitive, i.e. disputed the publication of erroneous information with the source of the information instead of multiple third parties, would be left with no claim under common law or under the FCRA. The FCRA's very purpose is the protection of consumers' rights. To adopt the "complete preemption" interpretation and thereby take away all remedies for the majority of injured consumers would be a travesty of justice and a mockery of the purpose of the FCRA.

**B.    The second interpretation of § 1681t only preempts state statutory claims and does not preempt common law claims such as defamation or negligence.**

The most widely adopted interpretation of 15 U.S.C. § 1681t holds that § 1681t only preempts state statutory provisions concerning the same subject matter as the FCRA and does not preempt state common law causes of action such as defamation and negligence. See <u>Carlson v. Trans Union</u>, supra; <u>Jeffrey v. Trans Union</u>, supra; <u>Gordon v. Greenpoint Credit</u>, supra; <u>Dornhecker v. Ameritech Corp</u>, supra; <u>Sehl v. Safari Motor Coaches, Inc.</u>, supra; and <u>Yutesler v. Sears Roebuck & Co</u>, supra. The basis for this interpretation is evident from an examination of the FCRA as a whole, the language of the statute, its history, and its purpose, as well as an

examination of previous rulings by other courts on this very issue. A primary basis for the interpretation that § 1681t does not preempt state common law claims is the existence of § 1681h(e), which specifically allows common law claims of defamation and negligence, among others, where the common law tort was committed with either malice or willful intent to injure.

Section 1681h(e) is the section of the FCRA which preempts state common law claims under certain limited circumstances. Section 1681h(e) was contained in the original FCRA. From the enactment of the FCRA, § 1681h(e) has been properly read by courts as a section that governs qualified immunity for credit reporting agencies, users, and furnishers for certain state law claims including defamation, invasion of privacy, and negligence. See, e.g., Thornton v. Equifax, Inc., 619 F.2d 700, 703 (8th Cir. 1980); Stevenson v. TRW, Inc., 987 F.2d 288, 293 (5th Cir. 1993).

Congress enacted § 1681h(e) to balance the requirements that the FCRA places on credit bureaus to provide credit reports with the need for consumer protection from damage resulting from the required disclosure of that information. Alvarez Melendez v. Citibank, 705 F. Supp. 67, 70 (D.P.R. 1988); Freeman v. Southern Nat'l Bank, 531 F. Supp. 94, 96 (S.D. Tex. 1982). When the FCRA was amended in 1996, Congress made minor changes to the original text of §1681h(e). At the same time that Congress changed § 1681h(e) to read as it presently does, Congress adopted the language that became §1681t(b)(1)(F), the statute that Defendants claim preempts Plaintiff's claims.

The fact that Congress changed the language of § 1681h(e) at the same time that § 1681t was added to the FCRA demonstrates that Congress consciously considered the language of § 1681h(e) while it was enacting § 1681t and decided to leave intact the consumer's right to bring an action for defamation, invasion of privacy or negligence where the false information was

furnished with either malice or willful intent to injure the consumer. When Congress amended the FCRA, it did not abrogate § 1681h(e), but instead merely added the limitations contained in § 1681t to those already existing in § 1681h(e). In essence, Congress intended for both sections to be applied.

The "complete preemption" interpretation of § 1681t discussed previously ignores Congressional intent by completely nullifying § 1681h(e). Such an interpretation violates the cannon of statutory construction whereby courts interpret statutes so as to give effect to every part of a statute. "It is a cardinal principle of statutory construction that a statue ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void or insignificant." TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001). Sections 1681h(e) and 1681t must be read as working together and cannot be read in a way that nullifies one in favor of the other or renders one of the sections as duplicative or superfluous. See United Sav. Ass'n v. Timbers of Inwood Forest Assocs. Ltd., 484 U.S. 365, 371 (1988); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).  Hence, §§ 1681h(e) and 1681t must be read as working in conjunction in order to effectuate congressional intention. Section 1681t should not, therefore, be read to disturb a consumer's common law claims as governed by § 1681h(e), but instead should be understood as the Carlson, Jeffrey and Gordon Courts understood it, namely that it preempts only state statutory claims and does not preempt common law claims.

The fact that § 1681t preempts only state statutes and regulations, and not common law claims, is supported not only by the presence of § 1681h(e), but also by the use of the word "requirements" in § 1681t. The U.S. Supreme Court has indicated that the word "requirements" can be understood to mean "specific enactments of positive law by legislative or administrative bodies, not the application of general rules of common law by judges and juries." Medtronic, 518

U.S. at 489. Just as in <u>Medtronic</u>, the present case deals with a federal statute that preempts certain "requirement[s]" of state law. Compare 15 U.S.C. § 1681t(b) with <u>Medtronic</u>, 518 U.S. at 481 (quoting 21 U.S.C. § 360k(a)). And just as in <u>Medtronic</u>, the word "requirement[s]" is used throughout the act in question to refer to statutory provisions. See <u>Medtronic</u>, 518 U.S. at 489; see also provisions of the FCRA, e.g., 15 U.S.C. § 1681(b) ("the requirements of this subchapter"); § 1681c ("Requirements relating to information contained in consumer reports"); § 1681i(a)(5)(B) ("Requirements relating to reinsertion of previously deleted material"); 1681m ("Requirements on users of consumer reports"); § 1681s ("[A] violation of any requirement or prohibition imposed under this subchapter shall constitute an unfair or deceptive act or practice in commerce."). Notably, the word "requirements" is absent from the FCRA provision that expressly speaks to state common law. See 15 U.S.C. § 1681h(e).

The familiar canon of statutory construction *ejusdem generis* (of the same kind or class) further supports the understanding that the mandates of common law are not "requirements" within the meaning of § 1681t(b). See, e.g., <u>Hughley v. United States</u>, 495 U.S. 411, 419 (1990) ("[A] general statutory term should be understood in light of the specific terms that surround it.") That is, by referencing specific state statutes that are excepted, subsections 1681t(b)(1)(F)(i) and (ii) show that the general term "requirements" in § 1681t(b) contemplates statutory rather than common law claims. If there were still any doubt, the Federal Trade Commission Official Staff Commentary, by providing examples of "Statutes that are not Pre-empted" and "Statutes that are Pre-empted" under what is codified as 15 U.S.C. § 1681t, likewise reflects the understanding that § 1681t refers only to state statutes and not to common law claims. 16 C.F.R. § 600.2 App. to Part 600, Commentary to § 622 (emphasis added). Plaintiff's state common law claims are also not preempted by 15 U.S.C. § 1681h(e). The qualified immunity language in § 1681h(e)

explicitly permits a consumer to assert certain common law claims including defamation and negligence against any person who acts with malice or willful intent to injure that consumer. See 15 U.S.C. § 1681h(e). See also Wiggins v. Equifax Services, Inc., 848 F. Supp. 213, 223 (D.D.C. 1993). Section 1681h(e) thus does not preclude a consumer's claim for defamation, invasion of privacy, or negligence; it simply imposes a higher standard (i.e., willfulness or malice) than would normally be required. See Vazquez-Garcia v. Trans Union De P.R. Inc., 222 F. Supp. 2d 150, 162 (D.P.R. 2002). Indeed, numerous courts have declined to apply the bar of § 1681t to common law tort claims. See Jeffery v. Trans Union, supra, (plaintiff stated viable claim for defamation as to co-defendant Bank of America); Carlson v. Trans Union, supra, (Section 1681h(e) applies only to torts, while Section 1681t(b)(1)(F) applies only to state statutory regulation) ("a general statute must yield when there is a specific statute involving the same subject matter"); Gordon v. Greenpoint Credit, supra; Dornhecker v. Ameritech Corp, 99 F.Supp.2d 918 (N.D. Ill. 2000); Sehl v. Safari Motor Coaches, Inc., 2001 WL 940846 (N.D. Cal. 2001); and Yutesler v. Sears Roebuck & Co, 2003 WL 21147607 (D.Minn. 2003). Plaintiff's Complaint alleges that the Defendants willfully and/or maliciously defamed the Plaintiff. Thus, the Plaintiff has properly alleged a willful and/or malicious defamation that is outside the scope of the qualified immunity of § 1681h(e), which is all that is required to survive the Defendant's Motion to Dismiss. Further, the U.S. Supreme Court, as well as the Fifth and Eighth Circuit Courts of Appeals, have indicated that the "malice" standard in the defamation context can be satisfied by a statement made with "knowledge that it was false or with reckless disregard of whether it was false or not." Thornton, 619 F.2d at 703 (quoting New York Times v. Sullivan, 376 U.S. 254, 279-80 (1964)). See also, Cousin v. Trans Union, 246 F.3d 359, 375 (5th Cir. 2001). Because Defendant should have known that Plaintiff had filed bankruptcy and were made

aware that Plaintiff's People's accounts were included in the bankruptcy, the Defendant's defamatory publications satisfy the applicable definition of malice and thus are not preempted by § 1681h(e). Among the cases that have recognized that, notwithstanding § 1681t, a plaintiff who has pleaded the scienter required by § 1681h(e) may proceed with common law claims, are cases decided since the FCRA was amended in 1996. See, e.g., Dornhecker, supra (finding that the FCRA did not bar the plaintiffs' defamation claim). Thus Plaintiff's allegation of malice and/or willful intent is enough on its face for Plaintiff's common law claims to survive any immunity granted by § 1681h(e). Further, if the Court were to dismiss the Plaintiff's claims based on § 1681t, the Court's reading of the FCRA would render § 1681h(e) superfluous and fly in the face of the predominant and correct line of cases.

   **C.    The third interpretation of § 1681t preemption - i.e. the "temporal approach" - only preempts state statutory and common law claims arising after the furnisher receives notification of a consumer's dispute from a credit bureau.**

   Under the FCRA, a consumer may dispute the accuracy of items appearing on his or her credit report by making a dispute directly to the credit bureau pursuant to § 1681i. Section 1681i then requires the credit bureau to relay the consumer's dispute to the company that furnished the disputed information, i.e. the furnisher. Under the "temporal approach", a consumer's state common law and statutory law claims against a furnisher for reporting inaccurate information are all preempted once the furnisher receives the consumer's § 1681i dispute of the inaccurate information as relayed from the consumer to the furnisher via the consumer reporting agency to which the dispute was made. Thus, under the temporal approach, Plaintiff's state law claims arising before the Defendants received his § 1681i dispute from the consumer reporting agency would survive but § 1681t would preempt his state common law and statutory claims arising after this event.

14

While this interpretation is better than the Jaramillo "complete preemption" interpretation as it does give some effect to § 1681h(e), this interpretation is logically flawed. As the U.S. District Court for the Northern District of Georgia eloquently explained in its ruling in the case of Neal v. Equifax, et al., "to read the two statutes in [this] way ... has the effect of giving a furnisher of information more protection from exposure to liability for acts committed after receiving notice of a dispute than for acts committed before such notice." Neal, supra at p. 13 (emphasis in original). The Neal Court went on to state that "[i]t seems odd to this Court that Congress intended to protect furnishers of information more once they have knowledge that a consumer is disputing an item on his credit report; one would, logically, expect the opposite policy." Id.

For those reasons, the Neal Court refused to adopt the "temporal approach" and instead adopted the second interpretation of § 1681t, as discussed supra in Section B. The Plaintiff urges this Court to adopt the Neal Court's logical interpretation of § 1681t and find that only state statutory causes of action are preempted by § 1681t and that common law claims such as defamation are not preempted. Plaintiff urges this Court to adopt the interpretation discussed in Section B supra and not the temporal approach. However, even if the Court chooses to adopt the temporal approach over Plaintiff's objections, the Court should still deny Defendants' Motion to Dismiss as there is not sufficient evidence before the Court to determine which causes of action arose before Plaintiff's § 1681i dispute and which causes of action arose after such a dispute. Further, even if the Court adopts the temporal approach to § 1681t preemption, the Court should still not find that Plaintiff's negligence claim is preempted because it arose at the time Defendants first negligently placed the accounts outside of bankruptcy on Plaintiff's account. This event would have happened before Plaintiff even knew that an error had happened and

certainly before he disputed the error to any credit bureau. Thus, his negligence claim is not preempted under the temporal approach.

The three lines of cases interpret preemption under § 1681t in three very different ways. The first line of cases held that all state statutory and common law claims are preempted by § 1681t. This line of cases has subsequently been abandoned as discussed infra. Thus, the Court should not adopt the "complete preemption" interpretation. Under the temporal approach, § 1681t is interpreted to only preempt defamatory publications and other acts committed after the requirements of § 1681s-2(b) are triggered, i.e. after a dispute of the erroneous information is made directly to the credit bureau and that dispute is relayed to the furnisher of the disputed information. While this approach does give effect to both § 1681t and § 1681h(e) and is thus better than the "complete preemption" approach, it awards defendants with additional protection for knowingly committing wrongful acts and provides less protection to defendants who, while still committing wrongful acts, did not do so with malice or willful intent to injure. Such an approach is thus less logical than the § 1681t interpretation that only preempts state statutory claims and not common law claims.

The correct interpretation of § 1681t is the most widely adopted interpretation where only state statutory claims are preempted but common law claims survive. As found by courts across the nation and as so eloquently stated by the <u>Neal</u> Court, this interpretation is the only interpretation of § 1681t that is both logical and allows for the reconciliation of § 1681t and § 1681h(e). In this important, the Plaintiff urges the Court to adopt the interpretation as adopted in <u>Neal</u>, supra, <u>Carlson</u>, supra, <u>Jeffery</u>, supra and others, an interpretation which protects consumers' rights to have their credit reports accurately reflect their credit history.

## IV.    PLAINTIFF'S DEFAMATION CLAIM IS NOT TIME-BARRED

Defendant states in its motion to dismiss that the two year statute of limitations has run on Plaintiff's defamation claim.  Defendant basis their arguments on the single publication rule. However, the analysis is erroneous because the publication of the slanderous information is based on publication of a newspaper or magazine. The concerns of this case are not with such items here.  A more inclined analysis is needed to ascertain the statute of limitations to the application of the FCRA.

Courts have held that each violation of the FCRA has its own distinct statute of limitations.  Hyde v. Hibernia National Bank in Jefferson Parish, 861 F.2d 446, 450 (5th Cir. 1988).  Thus, each failed 1681s-2(b) reinvestigation violation of the FCRA constitutes a separate and distinct cause of action under the FCRA and has a separate and distinct cause of action under the FCRA and has a separate statute arising on the date the violation occurred or the damage occurred, per Hyde.

The court in Barron v. Trans Union Corp., 82 F. Supp.2d 1288 (U.S.D.C. M.D. Ala. 2000), stated:

> "Under the FCRA, "an action to enforce any liability . . . may be brought . . . within two years from the date on which the liability arises. . . ."  15 U.S.C. §§ 1681p.  Under 15 U.S.C. §§ 1681e(b), liability arises when the consumer reporting agency issues an inaccurate consumer report.  See Wilson v. Porter, Wright, Morris & Arthur, 921 F.Supp. 758, 759-60 (S.D. Fla. 1995); see also Hyde v. Hibernia National Bank in Jefferson Parish, 861 F.2d 446, 450 (5th Cir. 1988) (holding that "each transmission of the same credit report is a separate statute of limitation applies").  Under 15 U.S.C. §§ 1681i, liability arises when the consumer reporting agency "allegedly violate[s] its duty under the FCRA to reinvestigate."  Williams v. Colonial Bank, 826 F. Supp. 415, 419 [*1294] (M.D. Ala. 1993) aff'd, 29 F.3d 641 (11th Cir. 1994)."

As further highlighted by Richardson v. Fleet Bank, 190 F. Supp.2d 81 (U.S.D.C. Mass. 2001), where the court stated:

"The FCRA provides that an action to enforce liability must be brought "*within two years from the date on which the liability arises*."  15 U.S.C. §§ 1681p. Under section 1681e(b), "liability arises when the consumer reporting agency issues an inaccurate consumer report.  Under (section 1681i), liability arises when the consumer reporting agency allegedly violates its duty under the FCRA to reinvestigate."  Barron v. Trans Union Corp., 82 F.Supp.2d 1288, 1293 (M.D. Ala. 2000) [quotations, citations and brackets omitted]."

Similarly, defamation and other like statutes do not run from the date of first knowledge of one act of defamation.  A defendant, who defames a plaintiff, is liable for the harm from the initial reporting and any and all republications which were reasonably foreseeable.  Luster v. Retail Credit Co., 575 F.2d 609 (8th Cir. 1978) (Ark.)

Where defamation cases involve similar discrete acts of republication of the same material, most courts have rejected the continuing violation theory adopting instead the single publication rule.  Hyde v. Hibernia National Bank in Jefferson Parish, 861 F.2d 446, 450 (5th Cir. 1988).  If republication of the same material is inappropriate for the continuing violation theory then separate and distinct defamatory statements should not be viewed as continuing torts.

The statute of limitations prescribes a period that runs from the date of publication, which is the date on which the injury to the plaintiff's reputation occurs and the cause of the action is completed.  Liberty Nat's Life Ins. Co. v. Daugherty 840 So. 2d 152 (Ala. 2002).  Every distinct publication of libelous or slanderous materials gives rise to a separate cause of action, even if the material communicated by each publication relates to the same matters as previous publications. Poff v. Hayes, 763 So. 2d 234 (Ala. 2000); Age-Herald Publ'g Co. v. Waterman, 188 Ala. 272, 66 So. 16 (1913).

A new and distinct cause of action arose each and every time the Plaintiff viewed his credit report with the inaccurate information on it.  Therefore, each distinct publication gives rise to a separate cause of action and any of plaintiff's claims of defamation after 2003 would be

valid and fall within the two year statute of limitations.

### V.    PLAINTIFF'S HAS STATED A CLAIM FOR DEFAMATION AND HIS CLAIMS FOR DAMAGES UNDER DEFAMATION ARE ALLOWED.

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief.  Federal Rules of Civil Procedure 8(a); Thomas v. Murkerson, 2005 U.S. Dist. LEXIS 18203 (D. Ga. 2005).  Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case.  Hopstrop v. Board of Junior College District No. 1, 523 F.2d 569 (7th Cir. 1975).  There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure.  Maynard vs. General Electric Company, 486 F.2d 538 (4th Cir. 1973).  Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim.  Neizil v. Williams, 543 F.Supp. 899 (U.S.D.C. M.D. Fla. 1982); Ambling v. Blackstone Cattle Co., 658 F.Supp. 1459 (U.S.D.C. N.D. Ill. 1987).  The complaint must be in general terms and need not be stated within the framework of a cause of action.  Stanley v. Harper Buffing Machine Co., 28 F.R.D. 579 (U.S.D.C. Conn. 1961).  Legal conclusions or statements of law must not be alleged in the complaint.  Curacao Trading Co. v. Fed. Ins. Co., 3 F.R.D. 203 (U.S.D.C. N.Y. 1942).   Further, Plaintiff need not allege a theory of action.  Id.  Plaintiff need not specify under what law[s] his case arises.  Ghebreslassie v. Coleman Secur. Svc., 829 F.2d 892 (9th Cir. 1987).  Plaintiff need not plead state laws.  Lumbermans Mut. Cas. Co. v. Norris Grain Co., 343 F.2d 670 (8th Cir. 1965).  State laws should not be plead as the federal court will take judicial notice of applicable state laws.  Bower v. Casanave, 44 F.Supp. 501 (U.S.D.C. N.Y. 1941).  Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court.  Federal courts employ notice pleadings.  Plaintiff has done much more than merely put

Defendants on notice of his claim.  Fed. R. Civ. Proc. 8.

Defendant also argues that Plaintiff's claims for damages are due to be dismissed due to plaintiff's failure to comply with Alabama Code § 6-5-186.  Defendant cites no case authority that this section of the statue is applicable to defamation claims under the FCRA.  Therefore, Plaintiff was not inclined to comply with this section of the Alabama Code.

Second, Defendant again repeats its argument that plaintiff has failed to sufficiently plead that People made a defamatory statement with malice.  Plaintiff has already addressed this argument and refers to his previous discussions on this issue.

## CONCLUSION

People's Motion to dismiss under § 1681s-2(b) of the FCRA is due to be denied because his claim is not time barred by the FCRA's two-year statute of limitations.  Additionally Plaintiff's defamation claim is not preempted by the FCRA and Plaintiff has properly stated his defamation claim in his amended complaint.  Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

**RESPECTFULLY SUBMITTED**,

**DATED** this the 8th day of June, 2006.

_____s/  James D. Patterson_____
**JAMES D. PATTERSON (PATJ6485)**

**Law Offices of Earl P. Underwood**
**21 South Section St.**
**Fairhope, Alabama 36533**
**Phone:  251-990-5558**
**Fax: 251-990-0626**

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on June 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following:

**Kary B. Wolfe**
**Walston Wells & Birchall LLP**
**One Federal Place, Suite 1100**
**1819 Fifth Avenue North**
**Birmingham AL 35203**
**kwolfe@walstonwells.com**

**E. Luckett Robinson, II**
**Hand Arendall LLC**
**Post Office Box 123**
**Mobile AL 36601**
**lrobinson@handarendall.com**

**Garrett E. Miller**
**Kilpatrick & Stockton, LLP**
**1100 Peachtree Street**
**Suite 2800**
**Atlanta GA 30309-4530**
**gmiller@kilpatrickstockton.com**

**Gary Howard**
**Burr & Forman LLP**
**3100 Wachovia Tower**
**420 North Twentieth Street**
**Birmingham AL 35203**
**ghoward@burr.com**

                                                **s/  James D. Patterson**