IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

STEVEN BRYAN,  )
)
        Plaintiff,  )
)
v.  )
)
EQUIFAX INFORMATION SERVICES,  )  Case No.: 2:06-CV-00166-MEF-SRW
LLC, TRANS UNION, LLC. and  )
PEOPLESSOUTH BANK f/k/a PEOPLES  )
COMMUNITY BANK,  )
)
        Defendants.  )

**PEOPLESSOUTH BANK'S REPLY TO PLAINTIFF'S
MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT**

**COMES NOW** the Defendant, PeoplesSouth Bank ("PeoplesSouth" or "Defendant"), by and through its undersigned counsel, and hereby submits its Reply to Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss the First Amended Complaint. As grounds therefore, PeoplesSouth states the following:

### I. ARGUMENT

In his motion to dismiss response, Plaintiff explicitly states that "there was no violation of the FCRA by Defendant Peoples[South]...in 2003." (Doc. No. 30, p. 5). Therefore, Plaintiff limits his claims to instances of allegedly inaccurate reporting in 2005. (Id. at p. 7).

Defendant shows herein that Bryan's defamation claims must be dismissed because the allegedly defamatory statements were not defamatory per se and Bryan failed to plead special damages, as required by Alabama law. Plaintiff's defamation

1472713

claim must also be dismissed because any communications between PeoplesSouth and collection agencies and/or its attorneys cannot be defamation. Plaintiff's claim for punitive damages for defamation is also due to be dismissed for failure to comply with Alabama Code § 6-5-186. Furthermore, Plaintiff's defamation claim is preempted by the FCRA.

### A.   Bryan's Defamation Claim Must Be Dismissed For Failure To Comply With Alabama Law.

#### 1.   Plaintiff's defamation claim must comply with Alabama law.

For an inexplicable reason, Plaintiff appears to claim in his response brief that Alabama law does not apply to his defamation claim. (Doc. No. 30 pp. 20-21)("Plaintiff need not plead state laws....Plaintiff was not inclined to comply with...section [6-5-186] of the Alabama Code."). This strange pronouncement is contradicted by Plaintiff's own statement that "Plaintiff's state law claims" are not preempted. (Id. at p. 15). Plaintiff's defamation claim is governed by Alabama law and numerous federal courts have properly applied Alabama law to similar claims for defamation. See Hovater v. Equifax, Inc., 823 F.2d 413, 416 (11th Cir. 1987)(plaintiff's claims included FCRA violations and defamation and court found that "[o]n the basis of Alabama law", the statute of limitations period for defamation was not tolled and plaintiff's defamation action against CRA was barred); Robinson v. Equifax Information Services, LLC, 2005 WL 1712479, *12 (S.D. Ala. Jul. 22, 2005)(applying Alabama's law requiring publication to a third party for defamation in case also involving FCRA claims); Watters v. Louisiana Pacific Corp., 156 Fed. Appx. 177, 178 (11th Cir. 2005)(affirming district court finding that plaintiff "could not establish the necessary elements of a defamation claim under Alabama law, as the statements at issue were never published to a third party.").

Plaintiff's defamation claim fails entirely under Alabama law and is, therefore, due to be dismissed.

> **2. PeoplesSouth's alleged statements were not defamatory per se and Plaintiff has failed to adequately plead special damages.**

Count Four of Plaintiff's Complaint is for defamation. (Doc. No. 1). Specifically, Plaintiff asserts libel per se and defamation per se against PeoplesSouth. (Id. ¶ 99).[1] As shown in Defendant's Motion to Dismiss and herein, Bryan fails to state a claim under Alabama law because PeoplesSouth's alleged statements were not defamatory per se and Plaintiff has failed to adequately plead special damages. The Alabama Supreme Court has established that "[i]n the absence of language that is defamatory per se, a plaintiff must allege and prove special damages resulting from the defamation." Clark v. America's First Credit Union, 585 So. 2d 1367, 1371 (Ala. 1991)(citing Myers v. Mobile Press-Register, Inc., 266 Ala. 508, 97 So. 2d 819, 821 (1957)).

Bryan does not and cannot adequately plead a claim of defamation per se in this case. With regard to libel per se, Alabama law holds that "'words charging nonpayment of debts...are actionable without special damage being shown, when they refer to merchants, tradesmen, or others in occupations where credit is essential.'" Liberty Loan Corp. of Gadsden v. Mizell, 410 So. 2d 45, 49, (Ala., 1982)(quoting Harrison v. Burger, 212 Ala. 670, 672, 103 So. 842 (1925)). (See Doc. No. 9, pp. 13-14). However, neither

---

[1] In an abundance of caution, PeoplesSouth addressed Plaintiff's claims under the standard for libel per quod and slander per quod in its original Motion to Dismiss. (Doc. No. 9, pp. 15-18). Plaintiff failed to address either the defamation per se or defamation per quod arguments in his response brief. (Doc. No. 30). For the sake of brevity, Defendant incorporates by reference as if fully set forth herein its arguments regarding defamation per quod from its original Motion to Dismiss. (Doc. No. 9, pp. 15-18).

Plaintiff's Complaint nor his response to the Motion to Dismiss assert that Bryan is in an occupation where "credit is essential." (See Doc. Nos. 1, 16). Furthermore, Plaintiff has not alleged that Defendant's statements implied that Brian has committed an "indictable offense involving infamy or moral turpitude", so as to support his claim for slander per se. Anderton v. Gentry, 577 So. 2d 1261, 1263 (Ala. 1991).

Notably, Plaintiff's brief in response to the Motion to Dismiss fails to set forth **any** opposition to the arguments made by PeoplesSouth regarding defamation per se. (Doc. No. 30). This is a tacit admission that Plaintiff has failed to state a claim for defamation per se under Alabama law. Because Plaintiff has not properly alleged defamation per se, he is required to plead special damages under Alabama law. Clark, 585 So. 2d at 1371. It is undisputed that Plaintiff has wholly failed to allege special damages. (See Doc. Nos. 1, 16). Therefore, Count Four of the Plaintiff's Complaint for defamation is due to be dismissed in its entirety as to PeoplesSouth.

> 3. **Any communications between PeoplesSouth and collection agencies and/or its attorneys cannot be defamation.**

As PeoplesSouth explained in detail in its Motion to Dismiss, any communications it had with collection agencies and/or its attorneys cannot be defamation under Alabama law because these entities are **not** third parties. (Doc. No. 25, pp. 12-13)(citing Robinson v. Equifax Information Services, LLC., 2005 WL 1712479, *13 (S.D. Ala. Jul. 22, 2005)(granting defendant's motion for summary judgment); see also Brackin v. Trimmier Law Firm, 897 So. 2d 207, 222 (Ala. 2004)("if there is no publication to a third party, there can be no defamation and there is no need to consider malice, privilege, or any of the other elements of defamation.")). Plaintiff

failed to respond to this argument in any way in his response brief. (Doc. No. 30). For this additional reason, Plaintiff's defamation claim must be dismissed.

### B. Plaintiff's Claims For Punitive Damages For Defamation Must Be Dismissed.

Defendant established in its Motion to Dismiss that, if Bryan's defamation claim is not dismissed, Plaintiff's request for punitive damages under that claim is still due to be dismissed because Bryan has not complied with the requirements of Alabama Code § 6-5-186[2] and has not sufficiently pled that Defendant made a defamatory statement with malice. (See Doc. No. 25, p. 10). In response to this argument, Bryan baldly stated that "Defendant cites no case authority that this section of the [Alabama] statute is applicable to defamation claims **under the FCRA**. Therefore, Plaintiff was not inclined to comply with this section of the Alabama Code." (Doc. No. 30, p. 21)(emphasis added).

Plaintiff is either confused on this issue or his argument is completely disingenuous. Plaintiff's claims against PeoplesSouth are for violations of § 1681s-2(b) under the FCRA and for state-law defamation. (See Doc. No. 1, Counts One & Four). Contrary to Plaintiff's statement, there simply is **no** cause of action for "defamation claims under the FCRA." Plaintiff himself recognized this when he asserted in his response brief that his defamation claim is not preempted by the FCRA. (Doc. No. 30, p. 8). Plaintiff cannot "have his cake and eat it too." If his defamation claim is not preempted by the FCRA, it is a state law claim governed by Alabama law. As such, if the defamation claim is not preempted, Bryan's claim for punitive damages for

---

[2] Section 6-5-186 states that in order for the plaintiff to recover punitive damages for libel "it shall be proved that the publication was made by the defendant with knowledge that the matter published was false, or with reckless disregard of whether it was false or not."

defamation must comply with the requirements of Alabama Code § 6-5-186. Plaintiff does not dispute that he has not complied with § 6-5-186. (Doc. No. 30, p. 21)("Plaintiff was not inclined to comply with this section..."). Therefore, Plaintiff's claims for punitive damages under his defamation claim are due to be dismissed.

C. **Bryan's Defamation Claim Is Preempted By The FCRA.**

As shown in detail in the parties' previous briefs, there are three (3) different schools of thought on how to harmonize the FCRA's two (2) preemption clauses, § 1681t(b)(1)(F) and § 1681h(e). As Defendant explained more fully in its opening brief, no matter which of the three (3) theories applies, Bryan's defamation claim is preempted. Defendant further addresses these differing theories below. However, based on a recent opinion from the Middle District of Alabama, it may be wholly unnecessary for the Court to engage in a detailed preemption analysis in this suit.

    1.    **Any claims based on Defendant's communications with CRAs are governed by § 1681s-2(a),[3] for which there is no private right of action.**

In Abbett v. Bank of America, the Middle District of Alabama considered a motion for summary judgment brought by defendant Bank of America on the plaintiff's FCRA and state law claims. 2006 WL 581193 (M.D. Ala. Mar. 8, 2006). Similar to Bryan's defamation claim here, the Abbett plaintiff's claims included an allegation that the bank "defamed him for representations made to debt collectors and CRAs that he is liable on the account." Id. at *2. Considering the parties' preemption arguments, the court found that the "determination as to whether Congress intended to preempt state common law as well as state statutory law, and [the reconciliation of] the seeming conflict among the

---

[3] This section of the FCRA requires a furnisher of information to provide accurate information to credit reporting agencies.

sections within the FCRA" was "wholly unnecessary." Id. at *5. The court stated as follows:

> From the plain language of the statute, Congress unquestionably intended for **no claims to be brought against furnishers of information for making inaccurate reports to CRAs except for those brought by the government**. Allowing any private state law action to proceed against a furnisher of information based on **violations of duties established by § 1681s-2(a) is inconsistent with the FCRA**. Accordingly, Mr. Abbett's state law claims, to the extent that they seek to establish liability for violations of duties established by § 1681s-2(a), are preempted by the FCRA and will be DISMISSED. The claims to be dismissed include Counts V, VII, and VIII, as well as Counts VI, IX, X, and XIV to the extent they are based on the dissemination of false credit information.

Id. (emphasis added).

Here too, Plaintiff alleges a defamation claim against PeoplesSouth for publications to "various credit reporting agencies, collection agencies, and attorneys." (Doc. No. 14, ¶ 97). However, as explained in Abbett, there can be no private state law claim against a furnisher of information such as Defendant based on its communications with a CRA because those communications are governed solely by § 1681s-2(a).[4] See also Riley v. General Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1320 (S.D. Ala. 2002)("where the plaintiff has no private cause of action under § 1681s-2(a), the plaintiff cannot allege violations of 1681s-2(a) as the basis for state law claims."). Therefore,

---

[4] The FCRA does not provide a federal private right of action under § 1681s-2(a). See § 1681s-2(c)(1) ("...sections 1681n and 1681o of this title do not apply to any violation of-(1) subsection (a) of this section, including any regulations issued thereunder...."). The limitation is more clearly stated in § 1681s-2(d): "Subsection (a) of this section shall be enforced exclusively under section § 1681s of this title by the Federal agencies and officials and the State officials identified in that section." Courts have routinely held that § 1681s-2(a) may be enforced only by the government as provided in the statute even though it creates an affirmative obligation to refrain from reporting inaccurate information. See, e.g., Riley v. General Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1319 (S.D. Ala. 2002). As found in Abbett, Plaintiff cannot maintain a claim under § 1681s-2(a). 2006 WL 581193 at *3, n.5.

plaintiff's defamation claim regarding PeoplesSouth's communications with CRAs are barred. Furthermore, as stated above, any communications PeoplesSouth had with collection agencies and/or its attorneys cannot be defamation under Alabama law because these entities are **not** third parties. Robinson, 2005 WL 1712479 at *13. Therefore, Plaintiff's defamation claim is due to be dismissed and no further exploration of the conflict between § 1681t(b)(1)(F) and § 1681h(e) is necessary. However, in abundance of caution, Defendant briefly reviews those theories below and shows that Plaintiff's defamation claim is due to be dismissed.

  **2. No matter which of the three (3) theories applies, Bryan's defamation claim is preempted.**

  The first theory concludes that the newer language of § 1681t(b)(1)(F) supersedes the older § 1681h(e) altogether and, therefore, bars all state law claims involving the subject matter of 1681s-2. See Campbell v. Chase Manhattan Bank, USA, N.A., 2005 WL 1514221, *16 (D. N.J. Jun. 27, 2005)(noting that by enacting §1681t(b)(1)(F), Congress "wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish information to consumer reporting agencies.")[5]; Purcell v. Universal Bank, N.A., 2003 WL 1962376 (E.D. Pa. Apr. 28, 2003)(holding that, to the extent that the consumer's defamation and invasion of privacy claims were based upon a reporting of delinquency to CRAs, they were preempted by §§ 1681s-2 and 1681t).[6] Therefore, under this first theory, Plaintiff's defamation claim is preempted by § 1681t(b)(1)(F).

---

[5] Order amended on reconsideration, 2005 WL 1924669 (D. N.J. 2005)

[6] See also Jaramillo v. Experian Information Solutions, 155 F. Supp. 2d 356 (E.D. Pa. 2001). Although Plaintiff repeatedly states that the original Jaramillo opinion was withdrawn by the Eastern District of Pennsylvania, the case is still good law.

A second approach used by courts to harmonize the two (2) preemption provisions uses a "temporal formula." See Riley, 226 F. Supp. 2d at 1324. Relying on the plain language of the statute, these courts hold that state law tort claims are preempted by the newer § 1681t(b)(1)(F) if they involve conduct by the furnisher of credit information after that furnisher was made aware that the information was false or disputed by a CRA. Bryan admits that, his defamation claims arising **after** notice of a dispute would be barred under the temporal approach. (Doc. No. 30, p. 15). Therefore, under the temporal approach, Plaintiff's defamation claim for post-notice communications are preempted. Furthermore, PeoplesSouth's pre-notice communications with CRAs are governed by § 1681s-2(a), for which there is no private cause of action, and there can be no defamation claim regarding attorneys and collection agents hired by Defendant. (See supra p. 4).

"A third group of district-court decisions are based upon construction of the subject statutory provisions." McCloud v. Homeside Lending, 309 F. Supp. 2d 1335, 1341 (N.D. Ala. 2004). Courts applying this theory have found that "§ 1681h(e) applies only to torts, while § 1681t(b)(1)(F) applies only to state statutory regulation of credit reporting practices and procedures." Id. Under § 1681h(e), any action or proceeding "in the nature of defamation, invasion of privacy, or negligence" is preempted, unless the "false information [was] furnished with malice or willful intent to injure [the] consumer." 15 U.S.C. § 1681h(e) (emphasis supplied). As explained more fully in Defendant's Motion to Dismiss, the Amended Complaint fails to specify that Defendant defamed Bryan with malice or willfulness. Although Plaintiff loosely uses the term "malice", Bryan does not state that PeoplesSouth knowingly furnished false information

with malice or willful intent to injure him, which is the essence of the claim for defamation. (Doc. No. 14, ¶ 103)(Complaint only states that "Defendants have defamed the Plaintiff by publishing misleading and/or inaccurate information to third parties regarding his creditworthiness."). Because Bryan's claim for defamation fails to assert that PeoplesSouth defamed him with malice or willful intent to injure, that claim is preempted by § 1681h(e).

## II. CONCLUSION

For the reasons stated more fully herein, Plaintiff has failed to state a claim for defamation under Alabama law. Furthermore, Plaintiff's claim for punitive damages for the state law defamation claim is due to be dismissed. Finally, Plaintiff's defamation claim is preempted by the FCRA. Therefore, PeoplesSouth respectfully requests that Bryan's defamation claim against PeoplesSouth be dismissed.

s/ Christian W. Hancock
Gary L. Howard (HOW044)
Ricky J. McKinney (MCK030)
Christian W. Hancock (WAT070)
Jason A. Walters (WAL175)
BURR & FORMAN LLP
3100 Wachovia Tower
420 North Twentieth Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorneys for Defendant PeoplesSouth Bank

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr.
James D. Patterson
Law Offices of Earl P. Underwood
21 South Section Street
Fairhope, Alabama  36533
epunderwood@alalaw.com
jpatterson@alalaw.com

Jim S. Calton, Jr.
Calton & Calton
226 East Broad Street
Eufaula, Alabama  36027
caltonlaw@eufaula.rr.com

Kary B. Wolfe
Walston Wells & Birchall LLP
One Federal Place, Suite 1100
1819 Fifth Avenue North
Birmingham, Alabama  35203
kwolfe@walstonwells.com

E. Luckett Robinson, II
Hand Arendall LLC
Post Office Box 123
Mobile, Alabama  36601
lrobinson@handarendall.com

Garrett E. Miller
Kilpatrick & Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
gmiller@kilpatrickstockton.com


s/ Christian W. Hancock
Of Counsel